## JOHNSON *v.* BALLARD ET AL.

SET-OFF.—*Attorney's Fees.—Lien on Judgment.—Costs.*—A judgment··for costs, recovered by a defendent against a plaintiff who is insolvent, and who, in the same action, has recovered a judgment against said defendant, cannot be set off against said judgment so recovered by the plaintiff, where the attorney of the plaintiff has entered, at the time when, and on the docket or record where, said judgment of plaintiff has been entered, his intention to hold a lien on said judgment, in the amount thereof, for his fees in said action, although such attorney had notice, before entering his intention to hold said lien, that the defendant intended to set off said judgment for costs against said judgment of plaintiff, but no steps had been taken by defendant to do so.

From the Putnam Common Pleas.

*M. A. Moore,* for appellant.

*W. B. Smith, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellees.

PETTIT, J.—The appellant brought suit against the appellees, Matilda Ballard, Weller B. Smith, and George W. Sherrill, and, in substance, the complaint is, that Matilda Ballard sued Johnson, the appellant, in the Putnam Common Pleas, and obtained a judgment against him for twenty-one dollars, and at the same time and in the same case he obtained a judgment for costs against her, and that she is insolvent; that on the day of the rendition of the judgments, Smith, as attorney of Ballard, entered a notice on the judgment against Johnson, that he held a lien on the said judgment for twenty-one dollars, his fees in the case; that said notice so entered was by collusion with Ballard, and after Smith knew that Johnson intended to set off the judgmment in his favor for costs against the judgment of twenty-one dollars in favor of Ballard, but no fact is stated to show fraud or collusion. The complaint further shows that an execution is out on the judgment of Matilda Ballard against the said plaintiff, Johnson, and in the hands of the defendant George W. Sherrill, who is sheriff of said county, and who is about to levy it on the property of the plaintiff. There is no statement that any steps had been taken to make the set-off before the notice of lien was entered.

The prayer is, that the plaintiff, Johnson, may set off the judgment against him for twenty-one dollars against the judgment for costs which he has against Ballard, and that the sheriff may be restrained from levying the execution, etc. To this complaint, each one of the defendants demurred separately, for want of sufficient facts, which was sustained, exception taken, and this ruling presents the only question in the case. Our statute, 3 Ind. Stat. 22, is as follows: "That any attorney practising his profession in any court of record in this State, shall be entitled to hold a lien for his fees on any judgment rendered in favor of any person or persons employing him as such attorney to obtain the same; provided, that such attorney shall, at the time such judgment shall have been rendered, enter in writing, upon the docket or record wherein the same is recorded, his intention to hold a lien thereon, together with the amount of his claim."

This notice was fully and properly entered by Smith, the attorney of Ballard, on the day judgment was entered, to wit, on the 5th day of July, 1869, as is shown by the execution reciting that the judgment was rendered on that day, and the date of the notice is the same. This statute was intended to secure to attorneys pay for their labor, and we have no doubt that the ruling of the court below was correct under it.

The judgment is affirmed, at the costs of the appellant.
*Petition for a rehearing overruled.*