Potter vs. Brown County.

---

## POTTER vs. BROWN COUNTY.

*November 21 — December 12, 1882.*

PRACTICE: TAXATION. *(1) When findings unnecessary. (2) Stay of proceedings for reassessment, when required.*

1. If no issue is joined, in an action triable by the court, formal findings of fact are unnecessary.
2. In an action against a county to set aside tax certificates, on the ground that the assessment was illegal and void, and for other defects in the proceedings going to the groundwork of the tax, if the defendant fails to answer the complaint, final judgment may be entered; and it is unnecessary in such case (under sec. 1210b, R. S.), to stay the proceedings until a reassessment can be had.

APPEAL from the Circuit Court for *Brown* County.

The case is sufficiently stated in the opinion. The defendant appealed from a judgment in favor of the plaintiff.

The cause was submitted for the appellant on the brief of *Chas. E. Vroman*, district attorney.

For the respondent there was a brief by *Tracy & Bailey*, and oral argument by *Mr. Tracy.*

Potter vs. Brown County.

ORTON, J. This action was to set aside and cancel certain tax certificates on the plaintiff's land, and enjoin the issuing of tax deeds thereon, on the ground of the assessment being illegal and void, and other defects in the proceedings going to the groundwork of the tax. There was no appearance or answer. There is no bill of exceptions, and whether the court had any evidence before it or not, we cannot know; but it must be presumed it had, if necessary; but under the second subdivision of sec. 2891, R. S., no evidence is necessary in such case, except to enable the court to give judgment. There were no findings of fact, and in such case, where there is no issue, none need be made. Sec. 2863, R. S.; *Krause v. Krause*, 23 Wis., 354. The main point urged in the brief of the learned counsel of the appellant is that the circuit court should have stayed all proceedings in this case, without final judgment, until a reassessment could be made, under sec. 1210*b*, R. S. But that section only requires such stay of proceedings "in actions hereafter *tried upon issue joined* in any of the courts," etc. Here there was no *issue joined*, and of course there was no *trial*, for "a trial is a judicial examination of the *issues* between the parties," etc. Sec. 2842, R. S. It is therefore clear that a stay of proceedings was not necessary in this case, it not being a case within the terms of the above statute, and to extend that statute to such a case would be judicial legislation.

There appear to be no errors in the record.

*By the Court.*— The judgment of the circuit court is affirmed.