PRATT and others vs. LINCOLN COUNTY and another.

*September 4 — September 23, 1884.*

TAXATION.　*(1) Stay of proceedings for reassessment: What is a trial.*
PLEADING.　*(2) Statement of conclusions.　(3) What demurrer admits.*

1. A reassessment should be ordered in a proper case under sec. 1210b, R. S., after a general demurrer to the complaint has been over-

ruled and the defendant has failed to answer. The hearing upon the demurrer in such case, is a *trial* "upon issue joined" and a "hearing in that behalf had," within the meaning of that section.

2. Mere general allegations of non-existence or illegality or want of organization of a town are insufficient in pleading, if no facts are stated from which such conclusions may be drawn.

3. A general demurrer is an admission of the *facts* stated in a pleading but not of mere conclusions.

APPEAL from the Circuit Court for *Lincoln* County.

The case is thus stated by Mr. Justice CASSODAY:

"The plaintiffs, as owners of certain lands in Lincoln county, a portion of which were particularly described as being in what was known and called the town of Merrill, and another portion in what was known and called the town of Ackley, and the remainder in what was known and called the town of Pine River, brought this action in April, 1882, to have the taxes assessed on said several pieces of land for the year 1881 adjudged to be illegal and unjust, and to perpetually restrain the county and its treasurer from collecting the same. The defendants demurred to the complaint on the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action. January 10, 1883, an order was entered overruling the demurrer, and granting leave to the defendants to answer within twenty days, upon payment of $10 costs. January 15, 1883, due notice of the entry of the order was served on the defendants' attorneys. No answer was ever served, and no costs were ever paid. Thereupon, and on motion of the defendants for a stay of proceedings until a reassessment of the property in the town of Pine River could be made, under sec. 1210*b*, R. S., and the acts amendatory thereof, the court, February 25, 1884, found, in effect, from the complaint, demurrer, proceedings, and records therein, that there were irregularities, defects, and omissions in the assessment, assessment rolls, and tax proceedings of the town of Pine River,

Pratt and others vs. Lincoln County and another.

rendering them illegal, and void, and entitling the plaintiffs to judgment setting aside, canceling, and annulling the taxes of 1881 on said lands in Pine River; that the assessment and tax proceedings for 1881, in Pine River, were invalid and void for such irregularities, defects, and omissions, and that said defects went to the groundwork of the tax, and affected all the property in the town of Pine River; and that such reassessment should be made; and therefore it was then and there ordered by the court, in effect, that a stay of proceedings in the action be, and the same was thereby, granted and made therein, until a reassessment of the property of said town of Pine River for 1881 could be made and had in pursuance of sec. 1210*b*, R. S., and the acts amendatory thereof, and that such reassessment be made as provided by law. From that order the plaintiffs appeal."

For the appellants there was a brief by *Jackson & Thompson*, and oral argument by *Mr. Jackson*.

For the respondents the cause was submitted on the brief of *S. M. Hoyt*, District Attorney, and *Almon A. Helms*, of counsel.

CASSODAY, J. The statute provides that in all actions *tried upon issue joined* in any of the courts of this state in which it is sought by either party to avoid or set aside in whole or in part any assessment or tax or tax proceeding for any of the causes provided by law, if the court shall be of the opinion, after a hearing in that behalf had, that for any reason affecting the groundwork of the tax and affecting all the property in any town, said assessment, tax, or tax proceeding should be set aside, it shall immediately stay all proceedings in such action until a reassessment of the property of such town can be made. Sec. 1210*b*, R. S., as amended by sec. 5, ch. 255, Laws of 1879, and sec. 1, ch. 128, Laws of 1881.

In *Potter v. Brown Co.* 56 Wis. 272, there was not only

no answer or demurrer, but no appearance in the case, and of course no findings of fact. The case is clearly distinguishable from the one before us. Here the order was not made until " after a *hearing* in that behalf had," within the meaning of sec. 1210*b*. Such a " hearing" was the hearing upon the demurrer. "An issue of law arises upon a demurrer to the complaint." Sec. 2838, R. S. " *A trial* is the judicial examination of the issues between the parties, whether they be *issues of law* or of fact." Sec. 2842, R. S. " An issue of law is *triable* by the court." Sec. 2843, R. S. Had there been an answer raising an issue of fact, it would also have been necessarily " tried by the court." *Ibid.*

The judicial examination of the issues between the parties arising upon the demurrer to the complaint was a " trial," within the statutory definition. Sec. 2842, R. S. The action was therefore "tried upon issue joined," within the meaning of sec. 1210*b*. But that section is not satisfied by every trial of that nature. It must be a trial in an action, in which it is sought to avoid or set aside, in whole or in part, an assessment, tax, or tax proceeding, for any of the causes provided by law, and "after a *hearing* in that behalf had." As the demurrer went to the substance of the complaint, the hearing thereon was a " hearing in that behalf had." It being for causes provided by law, and the court being of the opinion, after such hearing, that, for reasons affecting the groundwork of the tax and affecting all the property in the town of Pine River, the assessment, tax, and tax proceedings therein should be set aside, it properly stayed all proceedings in the action until a reassessment of the property of that town could be made.

But the real contention is that the complaint alleges too much, in that it alleges, in effect, that the lands designated as being in the so-called town of Pine River were not, and none of the same were, situated in that town, and that said town of Pine River was not, and never had been, a legally-

constituted nor a legally organized town, and never had any existence as one of the towns of Lincoln county, and that no part of the said lands was in the year 1881, nor at any time, liable to taxation in or by said so-called town of Pine River, nor in any of said towns. The learned counsel for the plaintiffs strenuously insist that these allegations were all admitted to be true by the interposition of the demurrer.

The town of Pine River was created and organized under secs. 2, 6, ch. 241, Laws of 1876. The existence and legality of the town was sustained in *Cathcart v. Comstock*, 56 Wis. 604 *et seq.* It was also reorganized in ch. 50, Laws of 1877; ch. 170, Laws of 1879; ch. 116, Laws of 1881. The lands designated in the complaint as being in the town of Pine River seem to be within the boundaries of that town as thus fixed. These several acts of the legislature were not private but public acts. *Cathcart v. Comstock*, 56 Wis. 609. The court takes judicial notice of them. The demurrer simply raised the question of their legality. We do not think there is anything to the contrary in *Smith v. Sherry*, 54 Wis. 114. There the county board attempted to change the boundary of the town, and the evidence showed just what was done in that direction. The case is clearly distinguishable from the one before us. The failure to allege in the complaint any fact showing the non-existence of the town is more like the failure to furnish the requisite proofs, as in *Haseltine v. Simpson*, 58 Wis. 585. To put in issue the existence of the town as a matter of fact, the complaint should have stated facts from which such conclusion could have been drawn, and not the mere conclusion itself. Mere general allegations of non-existence, or illegality, or want of organization, is not enough, in the absence of any statement of facts from which the court may determine, as a conclusion of law from the facts stated, such non-existence, illegality, or want of organization. This is an elementary principle in the law of pleading. Without any special examination, we refer to a few decisions on the

general principle from this and other courts. *Supervisors v. Decker*, 30 Wis. 624; *Quinney v. Stockbridge*, 33 Wis. 505; *Feiten v. Milwaukee*, 47 Wis. 494; *Wallingford v. Mutual Society*, 34 Moak's Eng. Rep. 65; *Comm. Bank v. Rochester*, 41 Barb. 341; *S. C.* affirmed, 41 N. Y. 619; *Libby v. Rosekrans*, 55 Barb. 204. The assessment being defective, as found, there can be no good reason why the taxes for that year should not be reassessed. If the plaintiffs desire to contest the validity of such reassessments when made, the law affords them the most ample opportunity. We have confined our remarks to the town of Pine River, because that is the only town in which the reassessment was ordered.

*By the Court.*— The order of the circuit court is affirmed.