## HROCH v. AULTMAN & TAYLOR CO.

1. By section 470, Comp. Laws, an attorney is given a lien for his services in an action by giving a notice in writing to the adverse party of his claim for a lien, and, after judgment, by entering the same in the judgment docket opposite the entry of judgment. After the recovery of judgment it is optional with the attorney whether, in order to establish his lien, he will give written notice of such claim for a lien to the judgment debtor or enter the same in the judgment docket.
2. When a firm of attorneys retained in an action resulting in the recovery of a judgment in favor of their client give notice in writing to the judgment debtor that they claim a lien for their services in such action, prior to the service of notice of an application by the judgment debtor to set off the judgment, such attorneys acquire the superior right to the money due from such judgment debtor on the judgment so obtained by them, to the amount due them for such services, in preference to the judgment debtor's right of set-off. The decision of this court in Pirie v. Harkness, (S. D.) 52 N. W. Rep. 581, followed.
3. On an appeal from an order this court will assume that all the affidavits and evidence used on the hearing in the court below have been transmitted to this court, and will not presume the existence of any evidence not disclosed by the record transmitted.

(Syllabus by the Court. Opinion filed Jan. 25, 1893.)

Appeal from circuit court, Charles Mix county. Hon. E. G. Smith, Judge.

Action by James Hroch against the Aultman & Taylor Company. There was a judgment for plaintiff, and his attorneys filed a lien for their services. On motion, plaintiff's judgment, less the amount of the attorneys' lien, was set off against a judgment in favor of defendant and against plaintiff and Richard Perkins, and defendant appeals. Affirmed.

The facts are fully stated in the opinion.

*Moyer & Brown,* for appellants.

An attorney's lien can only be for a reasonable fee as against the judgment debtor seeking the set-off. Rice v. Day, 49 N. W. 1128. The claim of a lienholder for more than is due and failure to disclose the true amount dispenses with a tender of any amount and forfeits the lien. 13 Am. & Eng. Ency. Law, 624; Munson v. Porter, 19 N. W. 290; Hamilton v. McLaughlin, 12 N. E. 424. Mutual final judgments may be set off *pro tanto,* the one against the other, upon proper application and notice. Section 305, Code Civ. Proc.; McBride v. Fallon, 4 Pac. 17; Hurst v. Sheets, 21 Iowa, 501; Quebec Bank v. Carrol, 1 S. D. 1; Green v. Fornier, 4 Burr, 2214; Burtis v. Cook, 16 Iowa, 194. The statute of set-offs overrides the lien of the attorney; the lien only attaches to what may be due the client after balance struck between the judgments. De Figamere v. Young, 2 Rob. 670; Ballinger v. Tarbell, 16 Iowa, 491; Tiffany v. Stewart, 14 N. W. 241; Watson v. Smith, 18 N. W. 916; National v. Eyre, 8 Fed. 733; Wright v. Treadwell, 14 Tex. 255; Fitzhugh v. Kinney, 43 Fed. 461; 13 Am. & Eng. Ency. Law, 620; Cooper v. Bigelow, 1 Cow. 206; Nicoll v. Nicoll, 16 Wend. 446; Hill v. Brinkley, 10 Ind. 102; Prince v. Fuller, 34 Me. 122; Smith v. Chenowith, 14 Daly, 166; Yorton v. Railroad, 23 N. W. 401; Bosworth v. Tallman, 29 N. W. 542; Davidson v. Alfaro, 80 N. Y. 660; 1 Am. & Eng. Ency. Law, 972. An assignee of a thing in action takes it subject to any set-off or defense existing at the time of the assignment. The attorneys in this case took their interest in the judgment of their client, subject to the right of set-off in appellants. Grans v. Woodbury, 4 Hill, 559; 7 Waits, Act. & Def. 527; Wells v. Clarkson, 5 Pac. 894; Pierce

v. Bent, 69 Me. 368; Levy v. Steinbach, 43 Md. 212; Gay v. Gay, 10 Page, 369; Porter v. Allen, 22 Cal. 433; McKinney v. Robertson, 29 N. W. 86, 512. It is not necessary that the judgments, in order to be set off, shall have been rendered in the same court. Waterman, Set-Off, 373; Simson v. Hart, 14 Johns. 63; 3 Waits, Prac. 744; Taylor v. Williams, 14 Wis. 155. The set-off is made by the court on motion upon proper application and notice. Bosworth v. Tallman, 29 N. W. 512; 3 Waits, Prac. § 746; Harst. Prac. § 664.

*Hoppaugh & Ellis* and *L. B. French*, for intervening respondents.

If the order of the court below can be sustained on any grounds it should be affirmed. Deland v. Richardson, 1 Denio, 95; Curtis v. Hubbard, 1 Hill, 336; Indiana v. Adams, 14 N. E. 80; Munroe v. Potter, 34 Barb. 358; Gillespie v. Torrance, 7 Abb. 462; Simar v. Canaday, 53 N. Y. 298; Allard v. Greasert, 61 N. Y. 4; Stanton v. Spencer, 34 N. Y. 359. The attorney's lien is superior to the right to off-set judgments. Morland v. Lashley, 2 H. Bl. 441; Middleton v. Hill, 1 Manle & S. 240; Wylie v. Coxe, 15 How. 415; Stratton v. Hussey, 62 Me. 286; Andrews v. Morse, 12 Conn. 444; Boyer v. Clarke, 3 Neb. 161; Puett v. Beard, 86 Ind. 172; Johnson v. Ballard, 44 Ind. 270; Dunkin v. Vanderbergh, 1 Paige, 623; Rider v. Insurance Co., 20 Pick. 259; Shapley v. Bellows, 4 N. H. 353.

Every reasonable presumption will be indulged in favor of the decision of the lower court. Muer v. Miller, 34 N. W. 429; Becknell v. Becknell, 10 N. E. 414; Seekel v. Norman, 32 N. W. 334; Durand v. Martin, 7 Sup. Ct. Rep. 587; Donnelly v. District, *Id.* 276; Leary v. Leary, 32 N. W. 623; Thompson v. Duff, 10 N. E. 399. Appellants cannot avail themselves of an objection raised for the first time in the appellate court. Byington v. Saline, 16 Pac. 105; *In re* Nesmith, 1 N. Y. 343; Porter v. Western, 2 S. E. 580; Sherman v. Sanders, 9 Am. Dec. 239.

The contract operated as an equitable assignment *pro tanto* of the anticipated judgments. Patten v. Wilson, 34 Pa. St. 139; Williams v. Ingersoll, 89 N. Y. 521; Simmons v. Reid, 9 S. E. 1058; Row v. Dawson, 1 Ves. Sr. 33; Roderick v. Gandell, 1 De. G. & M. & G. 763; Terney v. Wilson, 43 N. J. Law, 282; Happer v. Ludlinn,

12 Vroom, 182; Bower v. Haddan, 3 Stew. Eq. 171; Ely v. Cooke, 28 N. Y. 365.

A claim for the wrongful conversion of personal property is a chose in action that is assignable. Waits, N. Y. Ann. Code, 116; Richtmeyer v. Remsen, 38 N. Y. 206; Hawk v. Thorn, 54 Barb. 164; McKee v. Judge, 12 N. Y. 622; Hayt v. Thompson, 5 N. Y. 320; Hicks v. Cleveland, 39 Barb. 573; Howell v. Kroose, 2 Abb. 167; Wilson v. Cook, 3 *Id.* 252; Robinson v. Werks, 1 Code R. N. S. 311; Hall v. Robinson, 2 N. Y. 293; Thurman v. Wells, 18 Barb. 500; Lazard v. Wheeler, 22 Cal. 139. A part of such a demand may be assigned. Thomas v. Rock Island, 54 Cal. 578; Marzion v. Pioche, 8 Cal. 536; Grain v. Aldrich, 38 Cal. 514; Supt. v. Heath, 2 McCarter, 22; Lett v. Morris, 4 Sim. 607; Morton v. Naylor, 1 Hill, 583; Cromwell v. Insurance Co., 39 Barb. 227; Ward v. Syne, 9 How. 25; Rooney v. Railroad, 18 N. Y. 368. The assignment was not void for champerty or maintenance. Thallhinier v. Brinkenhoff, 3 Cow. 623; 2 Story, Eq. J. § 1040; Frudon v. Parker, 11 M. & W. 675; Voorhees v. Dorr, 51 Barb. 580; Dungin v. Ireland, 14 N. Y. 322; Benedict v. Stewart, 22 Barb. 420; Tagbaum v. Parker, 66 Barb. 341. An assignment *pro tanto* of a prospective judgment gives the assignee a claim superior to the right of off-set Terney v. Wilson, 43 N. J. Law, 282; Wells v. Elsom, 40 Mich. 218; Zogbaum v. Parker, 55 N. Y. 120; Mackey v. Mackey, 43 Barb. 58; Roberts v. Carter, 17 How. 341; Nash v. Hamilton, 3 Abb. Pr. 35; Myers v Davis, 22 N. Y. 489; Spencer v. Barber, 5 Hill, 568; Hockett v. Connett, 2 Edw. Ch. R. 73.

CORSON, J. This is an appeal by the Aultman & Taylor Company from an order of the circuit court, made on the application of said company, to set off mutual judgments. The court below refused to make such set-off to the full amount of the judgment obtained by Hroch against that company, but deducted therefrom the sum of $842.96, on which Messrs. Hoppaugh & Ellis, attorneys for Hroch, claimed a lien for professional services in obtaining said judgment. The facts, as presented by the record, briefly stated, are as follows: On September 3, 1890, the Aultman & Taylor Company recovered a judgment against Perkins & Hroch, and each of them, for the sum of $1,916.40, in the circuit court

of Brule county. On June 5, 1891, Hroch recovered judgment against the Aultman & Taylor Company for $1,535.93 in the circuit court of Charles Mix county. On the same day the latter judgment was rendered, Hoppaugh & Ellis, Hroch's attorneys, made out and mailed to the Aultman & Taylor Company at their principal place of business, at Mansfield, Ohio, and also to Moyer & Brown, attorneys for the Aultman & Taylor Company, a notice that said attorneys claimed a lien upon the said Hroch judgment of $1,000. On June 8th said Hoppaugh & Ellis filed a similar notice with the clerk of the court in which said Hroch judgment was rendered. On or about July 13, 1891, Moyer & Brown, attorneys for the Aultman & Taylor Company, served notice of a motion to set off the two judgments *pro tanto*. On the hearing of this motion, Hoppaugh & Ellis intervened, claiming a lien on the Hroch judgment, as before stated, which the court allowed to the extent of $842.96, and on October 31, 1891, the judgments were set off to the extent of $692.97, and the Hroch judgment allowed to stand for the balance, to wit, $842.96, on which Hoppaugh & Ellis claimed their lien as aforesaid. The lien of Hoppaugh & Ellis was claimed under a contract with Hroch, which is as follows: "Contract and agreement, made this 24th day of March, 1890, between Hoppaugh & Ellis and James Hroch, of Charles Mix county, South Dakota, witnesseth, that Hoppaugh & Ellis are this day retained as attorneys for James Hroch in a suit to be brought by him against the Aultman & Taylor Company, of Mansfield, Ohio. That the said Hoppaugh & Ellis are to receive from the said James Hroch the sum of twenty-five dollars for bringing said suit and carrying the same through the circuit court of Charles Mix county at the term thereof to be held in June, 1890; and, further, that, in case a judgment should be obtained at any time against the said Aultman & Taylor Company by Hoppaugh & Ellis for James Hroch, then, instead of the compensation of twenty-five dollars named above, Hoppaugh & Ellis are to receive the sum of seventy-five dollars and a net one-half of such judgment. Hoppaugh & Ellis. James Hroch."

The errors assigned are: First, that the court erred in deducting from said Hroch judgment a greater sum than $767.97; sec-

31—S. D.

ond, that the court erred in excepting from said set-off any amount whatever; and, third, that the court erred in not setting off the whole amount of the Hroch judgment.

The learned counsel for the appellant contend that the court, assuming the attorneys of Hroch were entitled to a lien for the amount due them under their contract, allowed the attorneys $75 in excess of what their contract called for. We cannot agree with counsel in this contention, but are of the opinion that the learned court gave a proper construction to the contract.

The counsel for the appellant further contend that if the attorneys have a lien it is only for a reasonable fee, as against the judgment debtor seeking a set-off. This is undoubtedly a correct proposition in a case where there is no agreement between the attorneys and client as to the amount of the compensation. But by the provisions of section 5186, Comp. Laws, the compensation of the attorneys is "left to the agreement, express or implied, of the parties." The amount of compensation in this case was fixed by the agreement of the parties, and when such agreement is made in good faith it will be enforced by the courts. There is no evidence in the record that the agreement in this case was not made in good faith, or that the amount agreed upon was not, under the circumstances, a reasonable fee.

This brings us to the principal question in this case, which is, did the circuit court err in holding that Hoppaugh & Ellis had a lien upon the Hroch judgment for their professional services, superior to the right of set-off claimed by the Aultman & Taylor Company under its judgment? By the provisions of the statute of this state a lien is given to attorneys for professional services upon their taking the proper proceedings to perfect the same. Section 470, subd. 3, Comp. Laws, provides for a lien upon "money due his client, in the hands of the adverse party, * * * in an action or proceeding in which the attorney claiming the lien was employed from the time of giving notice in writing to such adverse party, * * * which notice shall state the amount claimed, and in general terms for what service;" and subdivision 4 provides that, "after judgment in any court of record, such notice may be given, and the lien made effective against the judgment

debtor, by entering the same in the judgment docket opposite
the entry of the judgment." The counsel for the appellant contend
that the record does not show the claim of lien by Hoppaugh &
Ellis was entered "in the judgment docket opposite the entry of
the judgment," as required by subdivision 4 of said section, and
was not, therefore, effective as against the judgment debtor, and
should not have been considered by the court, or allowed as
against the set-off claimed by the Aultman & Taylor Company.
The counsel for the respondent contend that, in the absence of
an affirmative showing in the abstract that no such entry was
made, this court will presume that the court below had before it
the proper evidence that such an entry was made, as is done in
the case of judgments. The presumption, however, that there is
sufficient legal evidence to support the judgment, is only made
when the judgment roll only is before the court on the appeal or
in case there is a bill· of exceptions. It does not purport to con-
tain the evidence bearing upon the question in which the judg-
ment is claimed ·to be unsupported by evidence. Kent v. Insur-
ance Co., (S. D.) 50 N. W. Rep. 85; Cole v. Association, (S. D.) 52
N. W. Rep. 1086; Caruthers v. Hensley, (Cal.) 27 Pac. Rep. 411;
Potter v. Brown Co., 56 Wis. 272, 14 N. W. Rep. 375. But on an
appeal from an order made by the court the statute requires the
clerk of the court below to transmit to this court "the original
papers used by each party on the application for the order ap-
pealed from." Hence, on an appeal from an order, this court will
assume that all papers, documents, and evidence before the court
below have been transmitted by the clerk, and that such· record
contains all the evidence before that court. This court will not,
therefore, on appeals from orders, presume the existence of evi-
dence to prove facts not disclosed in the record. It is important,
therefore, that respondents on such appeals see' that all evidence
to sustain the order appealed from, submitted to the court be-
low, be transmitted to this court. But, in our view of the case,
the omission of the record to show that the entry of the claim
of lien was entered opposite the entry of judgment in the judg-
ment docket does not affect the right of the attorneys to· their
lien, it being shown they gave the required notice. The require-

ments of subdivision 4 are intended as a substitute for the personal notice required to be given by subdivision 3. After judgment, the lien may be made effective "by entering the same in the judgment docket opposite the entry of the judgment." But when personal notice is given to the judgment debtor, the failure to make this entry in the judgment docket does not affect the attorney's right to a lien. The lien is perfected by serving the written notice, and the failure to make the docket entry does not affect the right of the attorney to his lien.

The only question remaining to be considered is, was the lien of the attorneys superior to the right of set-off given to the judgment debtor? The counsel for appellant insist that as the Aultman & Taylor Company's judgment was recovered prior to the Hroch judgment, and was in existence when the Hroch judgment was entered, the right of set-off attached at once, and could not be displaced by the attorney's lien, that only took effect from the time of giving their notice to the Aultman & Taylor Company. This court, however, held in the case of Pirie v. Harkness, 52 N. W. Rep. 581, that the right to a lien and the right of set-off, while legal rights, are dormant until actively asserted, and that the party first proceeding to assert his right acquires thereby the prior and superior right. While the right of the attorney to a lien exists, and the right of the judgment debtor to set off mutual judgments exists, yet, to be made effective, they require the action of the parties; in the one case notice to be given of the claim of lien, and in the other an application to the courts to set off the judgments. These rights are similar, in their nature, to the rights of a creditor to attach the property of his debtor. The right may exist, but can only become effective by the assertion of the right in attachment proceedings to enforce it. Neither the attorney nor the judgment debtor may choose to enforce the right the law thus gives him. Under the law as laid down in the decision in that case, Hoppaugh & Ellis acquired the superior and better right to the money due on the Hroch judgment to the amount due them for their services under the terms of the contract. They mailed the notice of their claim of lien on June 5, 1891, more than a month prior to the notice of the application to

the court to set off the judgments. They thus clearly acquired a priority over the claim of the Aultman & Taylor Company to set off the judgments. Counsel for appellant call our attention to fact that the statute relating to attorney's liens was copied from the Iowa statute upon that subject, and invoke the application of the familiar rule that when the legislature of a state adopts the statute law of another state it is presumed to adopt with it the construction given to it by the courts of such state, (Bank v. Carroll, (S. D.) 44 N. W. Rep. 723;) and they insist that under that rule the construction given to the statute of Iowa by the supreme court of that state in Hurst v. Sheets, 21 Iowa, 501, should govern this court in its decision in this case. But the learned counsel have evidently overlooked the fact that that decision was based, not upon the attorney's lien act alone, but upon the act of that state providing for setting off mutual judgments also, which is quite different in its terms from the act of this state upon that subject. The legislature of this state adopted the former act, but did not adopt the latter. Hence that rule has no application to this case. The Iowa statute gives the right to set off mutual judgments as follows: "Mutual judgments, the executions on which are in the hands of the same officer, may be set off one against the other," except as to costs, etc. Code Iowa, 1873, § 3097. It will be observed that by this provision no application to the court is required, but the right is given absolutely when the executions are in the hands of the same officer, and no discretion is given to him except as to costs. The provision of the law of this state upon the subject is as follows: "Mutual final judgments may be set off *pro tanto*, the one against the other, by the court upon proper application and notice." It will thus be seen that a discretion is vested in the courts of this state over the subject. The court, therefore, in exercising a sound legal discretion in the matter, can protect the legal or equitable rights of parties upon such application. The decisions upon the question as to whether the lien of the attorney or the right to set off a judgment independent of statute authority is the superior right, are conflicting, and not easily reconciled. Formerly, the court of king's bench in England held in favor of the attorney's lien, while the court of common

pleas held in favor of the right of set-off. This variety of practice was settled in that country in 1832 by a rule of the 12 judges, adopting the rule followed by the king's bench, giving to the lien of the attorneys a preference over the right of set-off. Nicoll v. Nicoll, 16 Wend. 446; Hurst v. Sheets, 21 Iowa, 501; Puett v. Beard, 86 Ind. 172; Johnson v. Ballard, 44 Ind. 270. In 1873 the judicature act was passed, adopting the rule formerly followed by the court of common pleas. 1 Jones, Liens, § 215. The decisions upon the question in this country have been equally conflicting. A review, therefore, of the numerous authorities cited by the respective counsel would lead to no practical results, as the question is to be determined by the law of this state. Finding no error in the record, the order of the circuit court is affirmed.