# CASES DETERMINED

AT THE

# August Term, 1902.

SIBLEY, Appellant, vs. WEINBERG and another, Respondents.

*November 11—November 28, 1902.*

*Judgment by default: Requiring proof: Discretion.*

1. Subd. 2, sec. 2891, Stats. 1898 (providing for judgment on failure to answer in actions other than those on contract for the recovery of money only), while it does not make it essential to the validity of the judgment that a verified complaint be supported by evidence, nevertheless preserves to the court the right and power, in its discretion, to require proof.
2. The exercise of such discretion against the rendition of a judgment without proof will not be reviewed on appeal, except in extreme cases showing clearly that the discretion has been abused.
3. Upon an application for judgment on failure to answer in an action of replevin, it was not an abuse of discretion to require that the unlawful taking and detention be proved by evidence other than a complaint verified by an agent whose personal knowledge of such facts did not appear.
4. After the ordering of a nonsuit in such case on the ground that the unlawful taking and detention had not been proven, the refusal of the court to reopen the case and permit plaintiff to supply further proof is *held*, though severe, not to have been a clear abuse of discretion.

APPEAL from a judgment of the municipal court of Racine county: D. H. FLETT, Judge. *Affirmed.*

This was an action of replevin, in which the complaint substantially alleged that the plaintiff held a chattel mort-

VOL. 116—1

gage upon certain dental apparatus and furniture sold by
him to one Nathan Weinberg, whereon there remained due
about $10, and that he held title to certain other dental ap-
paratus by virtue of the reserved condition in certain prom-
issory notes given therefor by said Nathan Weinberg, pro-
viding that until their payment title and ownership should
remain in the plaintiff, upon which notes there was due
$74.60 and interest; that said Nathan Weinberg died July
5, 1900, and that a special administrator of his estate, on
July 17, 1900, under an order of court, made a bill of sale
of all said property to the defendant *Charles I. Shoop* for
the nominal consideration of $500, and that said transaction
was, by connivance with the defendant *Shoop* and *Maude
Weinberg,* the widow of said Nathan Weinberg, to defeat
the latter's creditors, and that said *Shoop* still claimed to be
the owner, but that in pursuance of said connivance the de-
fendant *Maude Weinberg* was still in possession; that said
defendants had wrongfully taken, and still did unlawfully
and wrongfully detain, all said property, of which plaintiff
was the owner and lawfully entitled to possession, which was
refused him, although demanded.

The defendants having defaulted after appearance, the
plaintiff gave notice of application for judgment, and on the
day notified—December 6, 1901—appeared in court, and
offered evidence, extending, however, only to the introduc-
tion in evidence of his notes and mortgage, proof of the
amounts due thereon, and proof of the value of the property
and of the value of its use during the time that the defend-
ants were charged in the complaint to have retained it.
Thereupon, after argument, to wit, December 31, 1901, the
court entered an order reciting that the evidence had failed
to prove the allegations of the complaint, and failed to show
that the personal property was unlawfully taken or unlaw-
fully detained by the defendants, or either of them, and or-
dering judgment of nonsuit.   Thereupon the plaintiff re-

quested to have the case reopened, and an opportunity given to furnish such further proof as the court desired to enable it to enter judgment for the plaintiff according to the prayer of the complaint, which request was denied, and excepted to. Thereupon judgment of nonsuit was entered, reciting that the evidence and proofs presented failed to establish a cause of action in favor of the plaintiff and against the defendants; from which judgment the plaintiff appeals.

*W. W. Rowlands,* for the appellant.

For the respondents there was a brief by *Cooper, Simmons, Nelson & Walker,* and oral argument by *J. B. Simmons.*

Dodge, J.   The principal question raised upon this appeal is the true construction of subd. 2, sec. 2891, Stats. 1898, which provides that judgment may be had if the defendant fail to answer the complaint in actions other than those arising on contract for the recovery of money only, as follows:

"In other actions the plaintiff may, upon the like proof, apply to the court for judgment according to the demand of the complaint. If the taking an account or proof of any fact be necessary to enable the court to give judgment or to carry the judgment into effect the plaintiff may, with a view to such application, at any time after the expiration of the time for answering, have an order of reference, by the court or a judge, to take such account or proofs and report the same to the court at any time, in the circuit, at which judgment may be rendered, and such reference may be executed in any county most convenient therefor; or upon such application being made the court may take the account, or hear the proof, or in its discretion order a reference for that purpose. And when the action is for the recovery of money only or of specific real or personal property, with damages for the withholding thereof, the court may order the damages to be assessed by a jury. If the defendant shall have appeared in the action he shall be entitled to eight days' notice of such application for judgment."

It is contended by the appellant that under this statute the plaintiff, upon failure of answer, is absolutely entitled to judgment upon the facts alleged in the complaint and according to the prayer for relief, without any proof of the cause of action so set up, he merely being permitted to furnish proof of such incidental facts as may enable the court to properly frame its judgment in certain cases. On the other hand, it is contended, first, that this section does not dispense with proof at all; that the plaintiff is required to prove the case made by his complaint by evidence, and cannot invoke the undenied allegations of the complaint for that purpose, although verified. But, further, if that extreme view be not taken, that the section does not give the plaintiff absolutely the right to judgment without evidence, but preserves to the court the right and power to demand proof, if, in its discretion, it deems wise.

The section is in a measure ambiguous. It does not provide that upon failure to answer the plaintiff shall be entitled to judgment, but entitled to make application for judgment. Its exact force has never been decided by this court, except so far as *Potter v. Brown Co.* 56 Wis. 272, 14 N. W. 375, has declared against the more extreme of the two positions apparently contended for by the respondents, namely, that in all cases the cause of action stated in the complaint must be supported by evidence. In that case it is said that no evidence is *necessary,* except so far as may be necessary to enable the court to render judgment. This statement is concurred in by the supreme court of Minnesota in *Exley v. Berryhill,* 37 Minn. 182, 33 N. W. 567, and of South Dakota in *Cole v. Custer Co. A. M. & S. Asso.* 3 S. D. 272, 52 N. W. 1086. In all of these cases, however, it should be noted that the subject presented to the appellate court was the validity of judgments which had been entered by the trial courts, without insisting upon proof of the cause of action. None of them presented the question

whether it would have been error for the trial court to have refused judgment without such proof, and in none of them was that question discussed or decided. On the other hand, the textwriters, with reference to the Code of New York,— which is the source from which this section in our Code was drawn,—declare that there is no absolute right, except in the case of a mere money demand on contract, to judgment upon the complaint alone, but that discretion rests in the trial court to demand that the cause of action asserted shall be established by proof; thus placing the situation in analogy to the ancient practice on a bill in equity taken *pro confesso* by reason of default. 2 Till. & S. Prac. 257, 269; 3 Wait, Prac. 561, 650. That, independently of the Code, it was within the recognized discretion of a court of equity, in the interest of justice, and to prevent mistake and injustice, to require proof, even in the case of a default upon which a bill in equity was taken as confessed, is, of course, familiar. *Hayes v. Brierley,* 3 Dru. & War. 274; *Sullivan v. Sullivan,* 42 Ill. 315. After the adoption of the Code in New York, and as early as 1848, we find a trial court assuming the same authority and ruling against an application for judgment because he was not satisfied of some of the essential facts therein stated without proof additional to the verified complaint. *Didier v. Warner,* 1 Code Rep. 42. In 1851 it was said, just as in *Potter v. Brown Co.* 56 Wis. 272, 14 N. W. 375, that upon such complaint further proof was not necessary (*Hurd v. Leavenworth,* 1 Code Rep. N. S. 278), and in a note to *Depew v. Leal,* 2 Abb. Pr. 131, 138 (decided in 1855), BOSWORTH, J., after consulting with DUER, J., held that there should be a reference, or the court should itself take proof of the facts stated in the complaint; and the latter alternative was adopted, and is commended by the reporter. Thus it seems that before the adoption of our own Code a practice had become established in New York, though not confirmed by the court of last resort, to the effect that, while

the statute did not render essential to the validity of the judgment that a verified complaint be supported by evidence, nevertheless it did not require the court to render judgment thereon without such evidence, if, in its discretion, the same were deemed wise or necessary. The latter proposition has received express approval from the supreme court of Nevada in *Haley v. Eureka Co. Bank,* 21 Nev. 127, 26 Pac. 64.

Upon full consideration, we adopt this as the true construction of our own statute above quoted. Many considerations tend to confirm us in so doing. The experience of the individual members of the court leads to the belief that there has been a general practice in the circuit courts of the state to exercise discretion, and in cases of doubt or apprehension of injustice to require more or less complete confirmation of the allegations of even a verified complaint by legal evidence, before taking the final and drastic step of adjudging the rights of the parties, even when the defendant was in default. This court has assumed power to require by rules that such step shall be taken in all cases in actions of divorce and to foreclose mortgages, thus indicating at least its opinion that the statute had not given plaintiffs absolute right to judgment upon default. Again, complaints are permitted to be verified, under our statute, upon information and belief, and many of the most important of the facts therein alleged may, therefore, not have received the support of the oath of any person who has knowledge on the subject. Defaults may often occur under circumstances of oversight or omission, or misapprehension of the full effect of the allegations of the complaint; so that, if the latter be taken as absolutely true, judgments to the full extent of the relief thereby justified and claimed may well do injustice. We think the permanence and correctness of default judgments will be enhanced by caution on the part of circuit courts in rendering judgment, if, upon reading the complaint, there is doubt as to existence of the facts alleged or uncertainty as to how far

they are true; and that such courts do not commit error, but should rather be commended, in declining to enter judgment until such doubts and uncertainties have been removed. Such function, involving as it does a wise judicial discretion, will not, when exercised against the rendition of judgments, be reviewed by this court except in extreme cases showing clearly that such discretion has been abused. We cannot say that any such abuse appears in the present case in the mere act of insisting that the unlawful taking or withholding by the defendants should be established by something more than the verified complaint,—in this particular instance verified by an agent, with nothing to indicate that such alleged acts of the defendants were within his personal knowledge. We therefore hold that no error was committed in the refusal of judgment for plaintiff and the ordering of nonsuit.

Error is assigned, also, on the refusal of the trial court to reopen the case and permit plaintiff to supply further proofs, after the decision had been made, but before judgment had been entered. We confess to the feeling that the action of the court was drastic and severe, and to the view that it would have been more likely to promote complete justice to have granted this request; but, recognizing that the record before us may fail to present all the aspects of the case apparent to the trial judge, we cannot assume to declare that his refusal to exercise his discretion to grant plaintiff further privileges was a clear abuse, so that the judgment could be reversed by reason thereof.

*By the Court.*—Judgment affirmed.