Wood, Appellant, vs. Town of Washington, Respondent.

*March 13—March 31, 1908.*

*Contract: Partial performance:* Quantum meruit: *Practice: Reopening case: New issue: Witness: Cross-examination: Order of proof.*

1. Plaintiff sued for the value of services rendered. The evidence showed a contract to do certain work for a stipulated sum, which contract was never completed. There was no evidence of an acceptance of partial performance by defendant, nor of

the value of the services. *Held,* that there could be no recovery of the sum stipulated nor of the value of the services.

2. Where plaintiff's evidence showed that the work sued for was done under a contract for a stipulated sum and the trial of the case on that theory was closed and some of the witnesses had left the court room, *held,* that there was no abuse of the discretion vested in the trial court to refuse to reopen the case to permit plaintiff to introduce evidence of the value of the services, as this would involve a trial of another and distinct issue.

3. In an action to recover a stipulated sum for work done under a contract, plaintiff's witness on cross-examination stated that he had not testified in the same action in the justice's court that the contract was not completed. Defendant's witness contradicted this. Plaintiff recalled his witness and asked him to state what he testified to in the justice's court. This question being excluded, plaintiff then offered the minutes of the justice showing the witness's testimony in that court. *Held,* that both the question and the minutes were properly excluded, as not specifically meeting any testimony that had been offered by defendant.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was commenced in justice's court to recover the value of services rendered the defendant town in 1898 and 1899 in filling the approaches to a culvert, in the sum of $50, which the plaintiff claims the defendant agreed to pay. From a judgment of nonsuit in justice's court an appeal was taken to the circuit court, where the trial resulted in a verdict for the defendant. From the judgment entered thereon this appeal is taken.

*Albert Wood,* for the appellant.

*Ed. C. Gottry,* for the respondent.

BASHFORD, J. The complaint states a cause of action for the value of services rendered by the plaintiff which the defendant agreed to pay. On the trial the plaintiff offered no proof of the value of the services. The testimony showed that the plaintiff entered into a contract with the defendant to do a certain piece of work for $50, and the court

submitted the question to the jury upon that theory. Under proper instructions the jury found that the plaintiff never fulfilled the conditions of the contract. After judgment plaintiff moved for a new trial on the judge's minutes, on the ground that the court erred in ruling that no evidence had been given as to the value of the services rendered, and in ruling that evidence of value of such services was necessary other than the contract price. These rulings are assigned as errors here.

The court properly overruled the motion for a new trial, as the evidence established a contract to do a definite amount of work at a fixed price. The amount and character of the work was shown, but there was no proof as to its reasonable value. The proof laid no foundation for any recovery except the full contract price. The jury found that the contract had never been completed, hence there could be no recovery of the sum stipulated. The town had never accepted the work, although from necessity it had been obliged to make use of the road for public travel.

Other errors are assigned, only two of which it is necessary to review upon the record here presented. It is contended on behalf of the appellant that the court erred in refusing to permit him to offer evidence of the value of the work after the close of the testimony and before argument to the jury. At this stage of the trial the court stated to counsel that the only issue in the case was whether the work had been completed according to the contract. Counsel for plaintiff then stated that he claimed the right to recover the value of the work, and the court replied there was no evidence upon which to base such recovery. Thereupon plaintiff suggested that he would like to offer testimony on that subject. The record states: "The testimony being closed and some of the witnesses having left the court room, the court refused, upon objection of defendant, to reopen the case." We cannot say that this refusal was, under the circumstances, an abuse of

the discretion vested in the trial court.    The plaintiff's claim, as stated in his complaint, was for the value of the services, but he did not testify as to such value nor did any witness called in his behalf.    On the contrary, the proof submitted by him showed that the work was done by him under the contract for a stipulated sum.    The plaintiff, after the trial of the cause upon that theory, sought to reopen the case upon another and distinct issue.    This would have necessitated the calling of witnesses by the defendant, some of whom, it appeared, had left the court room.    The court might well have concluded from the proceedings already taken that the trial of such issue would have been fruitless.    There is no reversible error in this ruling.    *Sibley v. Weinberg,* 116 Wis. 1, 92 N. W. 427.

Error is also assigned upon the refusal of the court to permit the plaintiff to offer the minutes of the justice to prove the testimony given by the witness Cooney on the trial in that court.    Mr. Cooney had been called as a witness for the plaintiff and had stated on cross-examination that he had not testified in justice's court that the work performed by the plaintiff had not been completed as specified.    One of the defendant's witnesses testified without objection that Mr. Cooney had testified on the trial in justice's court that the contract was not completed.    Mr. Cooney was recalled by the plaintiff and asked to state what he testified to in justice's court relative to the contract.    An objection was properly sustained to this question, as it did not specifically meet any of the testimony that had been offered by the defendant. Plaintiff's counsel then offered the minutes of Cooney's testimony given before the justice.    This was properly ruled out for the reason already indicated, if for no other.    Mr. Cooney, when recalled, was not asked the direct question if he testified on the trial in justice's court that the contract in question was not completed, although he had already so testified on cross-examination.    If any. part of the minutes of

the justice had been competent it would only have been that relating to this specific testimony. The offer of this proof was too general and was properly refused.

We conclude that there was no error in the rulings of the court complained of.

*By the Court.*—Judgment affirmed.