PHILIP McARDLE,

*v.*

MICHAEL McARDLE.

The District Court will not entertain a motion for a new trial in an action while an appeal from a judgment in such action is pending in the Supreme Court.

This is an appeal by the defendant from an order of the District Court for Olmsted County, of which the following is a copy, viz: "April 23d, 1866, General Term, Olmsted County. A motion for a new trial was heretofore made by the defendant, to be heard at this term of the court, upon the grounds set forth in the notice of motion served upon plaintiff; and said motion having been brought on for hearing at this term of said court for Olmsted county, and it being admitted that an appeal had been taken in this action to the Supreme Court, previous to the service of said motion, which appeal has been perfected by said defendant. It is ordered that this court will not hear said motion for a new trial, for want of jurisdiction to hear and determine the same."

FRANCIS BEVERIDGE, for Appellant.

The court below erred in dismissing the motion for want of jurisdiction. *Constitution, State of Minn., Art.* 6, *sec.* 6; *Rev. Stat., ch* 71, *sec.* 17, *ib. ch.* 60, *sec.* 90.

McArdle v. McArdle.

C. G. RIPLEY, for Respondent.

The order of the District Court was right. The case had been already taken to the Supreme Court by appellant, from a judgment of the District Court in favor of respondent, founded upon the verdict of a jury; and appellant's motion sought for further proceedings. of the District Court upon the judgment and matters embraced therein, viz: it sought to have said judgment and said verdict set aside, and a new trial granted. The District Court had no jurisdiction to do this. *Com. Stat., ch.* 71, *sec.* 17.

*By the Court*—WILSON, CH. J. The judgment having been entered in this action, and an appeal having been taken therefrom to this court, and duly perfected, the defendant gave notice of motion for a new trial on the ground of newly discovered evidence, &c.

The court below held that it would not hear said motion " for want of jurisdiction to hear and determine the same." From the order entered refusing to entertain the motion, the defendant appeals to this court. We think the court below correctly refused to hear the motion. The object of the proceedings in this court was to reverse the judgment, and secure to the defendant a new trial, and the application in that court should have been deferred, until after the disposition of the case in this; a decision in favor of the defendant here, making an application to the court below, unnecessary. The impropriety of proceeding in both courts at the same time, under such circumstances, seems apparent, and our statute, *sec.* 17 *ch.* 71, *Com. Stat.*, we think, does not authorize such practice. It may admit of doubt whether that portion of the section of the statute above cited, which provides that " the court below may proceed upon any of the

matters included in the action and not affected by the judgment appealed from," applies to legal, as distinguished from equitable proceedings; but we do not decide this point. The language of the court in *Humphrey vs. Havens*, 9 *Minn.*, 349, would indicate that in that case a motion for a new trial was entertained while an appeal from the judgment was pending, and that the court sanctioned the practice; but the record shows that in that case the motion for a new trial was made February 19, and decided February 27, 1864, and that the appeal from the judgment was taken on the 9th day of March, following; no question of this kind was therefore involved or passed upon.

The order appealed from is affirmed.