Starbuck v. Dunklee.

## George C. Starbuck,

*v.*

## John A. Dunklee.

An appeal was taken to this court from an order striking out certain portions of an answer.

Judgment affirming the order was entered here Nov. 7, 1865, and on the same day a mandate was transmitted to the District Court. Notice of trial in the District Court (at the general term commencing Nov. 9th) was served Oct 29th, 1865.

*Held:* That such notice was premature, and the defendant not appearing, the trial had in pursuance of such notice, was irregular.

This action was brought in the district court for Ramsey county. A motion was made in said court, December 10, 1864, to strike out certain portions of the answer, upon which motion the court made the following order : "that the

defendant may amend his answer in the respect indicated within twenty days after service of a copy of this decision, otherwise the motion is granted." Before the twenty days had elapsed, the defendant appealed from said order, and filed the undertaking required by *Ch.* 22, *page* 134; *laws* 1861. The decision of the Supreme Court upon such appeal affirming the order and remanding the cause, was filed October 21, 1865. On the 29th of the same month, the plaintiff's attorney personally served on the defendant's attorney a notice of trial of the cause at the November term, 1865. On the 7th November, 1865, judgment was entered in the Supreme Court upon its decision, and a mandate transmitted to and filed with the clerk of said district court. The cause was tried at said November term, the defendant not appearing. A verdict was found for the plaintiff, and a judgment entered thereon. A motion was made by defendant to set aside the judgment, on the ground, 1st, that the cause was not at issue when noticed for trial; 2d, that the cause was in the Supreme Court when noticed for trial in the district court, which motion was granted, and from the order granting the same the plaintiff appeals to this court.

MORRIS LAMPREY, for Appellant.

BRISBIN and WARNER, for Respondent.

*By the Court*—BERRY, J. The undertaking approved January 9, 1865, was sufficient under *Chap.* 22, *page* 134, *laws* 1861, which must control in this case. The appeal therefore, from the order striking out portions of the answer operated " as a *supersedeas,* and to stay all proceedings, and to save all rights in the same manner as if no order had been made by the court below." Judgment affirming the order

appealed from was entered in the Supreme Court on the 7th day of November, 1865, and on the same day a mandate transmitted to and filed in the district court. On the 29th day of October, notice of trial at the general term of the district court to be held November 9th, was served on respondent's attorney. Under this state of facts, as remarked by the learned Judge below, "at the time of the service of the notice of trial, there were no issues in the action in this court," (the district court) "that could be tried; for, whether the appeal removed the whole case or not, it clearly carried up to the Supreme Court the pleadings upon which the decision of the court was founded." The notice of trial was therefore premature and unauthorized, and the respondent (who was defendant below) not appearing at the trial, such trial was irregular: The other matters as to diligence, &c., urged upon the application to set aside the judgment, were addressed to the sound discretion of the court below, and we see no occasion for disturbing its action.

Order affirmed.