CHRISTINE REITAN *vs.* ELIZA GOEBEL and others.

July 7, 1886.

**Appeal from Order Refusing New Trial—Stay-bond—Damages.—On** an appeal from an order denying a new trial, the condition of a stay-bond, under Gen. St. 1878, c. 86, § 10, does not require the appellant to pay the judgment that may be afterwards entered on the verdict or decision.

Plaintiff recovered a verdict of $675, in the district court for Clay county, against Eliza Goebel, who appealed to this court from an order denying her motion for a new trial. A bond to stay proceedings, with the statutory condition, (recited in the opinion,) was executed by her and by the other defendants in this action as her sureties. The order was affirmed by this court, (33 Minn. 151,) and judgment for $792.86 was entered on the verdict. This action on the bond was brought in the same district court, the complaint stating the foregoing facts, and also that Goebel, when the bond was executed, was solvent and able to pay whatever judgment might then have been entered on the verdict, with interest and costs, but that at the time of the affirmance of the order she was and has ever since been totally insolvent, and plaintiff, though using due diligence to collect the amount of the judgment on execution in due course of law, has been unable to do so. Judgment is demanded for $792.86, with interest and costs. The only defence pleaded in the answer was the total insolvency of Eliza Goebel at the execution of the bond and ever since, and that no judgment could have been collected from her by execution or otherwise. On plaintiff's motion, judgment on the pleadings, for the full amount claimed in the complaint, was ordered by *Collins,* J., and entered, and the defendants appealed.

*Burnham, Mills & Tillotson,* for appellants.

*O. Mosness,* for respondent.

GILFILLAN, C. J. The condition of the bond for a stay, upon an appeal to this court from an order, is conditioned "to pay the costs of said appeal, and the damages sustained by the respondent in consequence thereof, if said order, or any part thereof, is affirmed, or

said appeal dismissed, and abide and satisfy the judgment or order which the appellate court may give therein." Gen. St. 1878, *c.* 86, § 10.

In *Erickson* v. *Elder*, 34 Minn. 370, (25 N. W. Rep. 804,) which was an appeal from an order directing the payment of money, this court held that a judgment of affirmance in this court was in effect a judgment or order of this court that the appellant shall pay the money directed to be paid by the order appealed from. That decision cannot apply to the case of an appeal from an order which does not direct or require of the appellant to do anything, and the affirmance of which here does not require him to do anything, as is the nature of an order denying a new trial. A verdict does not require of a party, nor make it his duty, to do anything. It is only the judgment that has that effect. When a motion for a new trial is denied, all that the party making it can do is to wait till judgment is entered against him. The payment of the judgment that may be entered after the new trial is denied, is not within the condition of the stay-bond on an appeal from the order denying it, unless the benefit of it is lost to the respondent in consequence of the appeal and stay, when such loss will be damages sustained in consequence thereof, and, as such, come within the condition.

Judgment reversed.