GEORGE J. EXLEY and Wife *vs.* CHARLES J. BERRYHILL, impleaded, etc.

July 8, 1887.

**Appeal from Order—Stay—Entry of Judgment.**—An appeal from an order refusing, except upon terms, to open a default and allow an answer to be made, is not effectual to stay the entry of judgment upon the default.

**Usury—Judgment upon Default—Proof of Cause of Action.**—In an action to avoid a mortgage and a statutory foreclosure of the same for usury, the summons having been personally served, such relief, being demanded in the complaint, may be granted without proof being made, upon the default of the defendant to answer.

**Same.**—Under the statute a plaintiff may have such relief without offering to pay the money actually received, with interest.

**Judgment upon Default—Relief—Supplemental Complaint.**—A judgment entered upon default may include relief such as was demanded in a *supplemental* complaint which had been served. The relief granted being, in substance and effect, such as was prayed, although not in form the same, will be allowed to stand, no prejudice resulting.

**Usury—Mortgage.**—A particular transaction, consisting of a transfer by the creditor to the wife of the debtor of property of the debtor held as security for an usurious debt, and the taking of mortgage security from the debtor and his wife upon the same property to secure the same debt, considered as not removing the taint of usury.

**Same.**—The fact that an usurious mortgage has been foreclosed by sale under the power does not prevent equitable relief being granted.

Appeal by defendant Berryhill from a judgment entered upon his default in the district court for Ramsey county, *Wilkin*, J., presiding.

A statement of the case will be found in the report of a former appeal, 36 Minn. 117.

*Williams & Goodenow* and *Berryhill & Davison,* for appellant.

*Warner & Lawrence* and *O. H. Comfort,* for respondent.

DICKINSON, J. The principal facts in this case, and our decision upon a former appeal in this action, may be found in 36 Minn. 117, (30 N. W. Rep. 436.) This is an appeal from the judgment.

1. The appeal by the defendant from the order of June 3d (allowing the defendant to answer notwithstanding his default, only upon the specified terms) was not effectual to stay all further proceedings in the action. An appeal from an order, the proper bond being executed, stays "all proceedings *thereon.*" Gen. St. 1878, c. 86, § 10. But the entry of judgment was not a proceeding based upon or dependent upon the order appealed from. The appeal from the order was effectual to "save all rights affected thereby," (statute above cited;) and hence the subsequent proceedings taken were subject to be set aside for error in the order appealed from affecting such subsequent proceedings. This order was not erroneous, as was determined upon that appeal, and the validity of the judgment was not affected by the appeal. The other order appealed from was not appealable, and the appeal did not stay the entry of the judgment.

2. Upon default to answer a supplemental complaint which had been served, relief may be granted in accordance with the prayer of the supplemental complaint, although it be in excess of that sought in the amended complaint. While the judgment in this case is not, in some particulars, in the form specified in the prayers in the complaints, yet the relief granted is, in substance and in its legal effect, what was sought. It is not claimed that the slightest prejudice can result to the defendant from any irregularity in the form of the judgment.

3. It is urged that the judgment against the defendant Berryhill, upon his default, was rendered without proof being made of the allegations of the amended and supplemental complaints, and that this was error. The statute relating to the procedure upon default of the defendant (Gen. St. 1878, c. 66, § 210,) provides, first, for the entry of judgment "when, in an action arising on contract for the payment

of money only, the summons has been personally served, and the plaintiff shall file with the clerk proof of the personal service of the summons, and that no answer has been received within the time allowed by law." Then provision is made in respect to other actions for the recovery of money "on filing the like proof." The statute then reads: "In other actions the plaintiff may, upon like service and proof, apply to the court, after the expiration of the time for answering, for the relief demanded in the complaint. If the taking of an account or the proof of any fact is necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account or hear the proof, or may, in its discretion, order a reference for that purpose." When the service of the summons has not been made personally in other actions than those arising upon contract for the payment of money only, it is declared that, upon the application for judgment, "the court shall thereupon require proof to be made of the demand set forth in the complaint, and may render judgment," etc. The notice required to be inserted in the summons specifies, in accordance with these provisions, the manner of obtaining relief or judgment in case of default. By this statute the court was authorized to render judgment for the relief demanded in the complaint, without proof of the facts alleged. This is similar to the former chancery practice of taking the bill *pro confesso.* The words "like service and proof" mean the personal service of the summons, and proof of such service and of the defendant's default.

4. Upon the allegations of the complaint the transaction of August, 1884, was not effectual to remove the taint of usury. The transaction appears to have consisted of a transfer or relinquishment from Berryhill to Mrs. Exley of the property which in his hands was, in equitable contemplation, security merely for the usurious debt, and the taking of mortgages anew upon the same property to secure the same debt, which was done at the instance of the defendant as a means of changing the form of the loan.

5. The foreclosure of the usurious mortgage by sale under the power does not prevent the granting of relief. *Jordan* v. *Humphrey,* 31 Minn. 495, (18 N. W. Rep. 450.)

6. The point that the plaintiffs cannot maintain this action with-

·out offering to pay what may be still unpaid of the money actually re-·ceived, with legal interest, has just been decided adversely to the appellant in the case of *Scott* v. *Austin,* 36 Minn. 460, (32 N. W. Rep. ·864,) the decision of which has been filed at the present term.

We find no material error in the case, and the judgment is affirmed.