## GEORGE R. BRIGGS vs. J. A. SHEA.

Argued Jan. 8, 1892. Decided Jan. 25, 1892.

**Appeal—Jurisdiction of District Court after.**—An appeal to this court with a stay does not oust the jurisdiction of the lower court. *State* v. *Young*, 44 Minn. 76, followed.

**Return Necessary to Complete the Jurisdiction of this Court.**—The jurisdiction of this court is not complete until a return filed. Until then it can only dismiss the appeal or compel a return.

Appeal by plaintiff from an order of the district court, Hennepin county, *Smith*, J., made August 8, 1891, setting aside a verdict and granting a new trial.

The plaintiff George R. Briggs, on September 26, 1889, shipped from Massachusetts a car load (203 bbls.) of early black cranberries, consigned to defendant J. A. Shea at Minneapolis to be sold by him for and on account of plaintiff, and instructed him that this was an early variety, intended for consumption in September and October, and to sell them promptly. The defendant received the berries, but sold only a part of them; the residue perished. Plaintiff claimed that defendant did not obey instructions, and that he sustained damages by reason of defendant's neglect.

The issues were first tried December 18, 1890, when plaintiff had a verdict for $1,260. This verdict the district court set aside, and granted a new trial. Plaintiff on January 16, 1891, served notice of appeal to this court from that order, and gave an appeal bond in the penal sum of $250. No return was made to this court. Plaintiff gave notice that he abandoned his appeal, and on March 7, 1891, moved the district court for leave to file and serve an amended complaint, and the motion was granted, and defendant served an answer thereto, and plaintiff replied. These issues were brought to trial on May 18, 1891; defendant objecting, on the ground that the action was removed into this court by the appeal, and that the district court had lost jurisdiction. This objection was overruled, and the cause tried, and plaintiff had a verdict for $1,649.12. Defendant again

moved for a new trial, and it was granted August 8, 1891. From that order plaintiff appeals.

*Wenzell & Tiffany,* for appellant.

*George H. White,* for respondent.

GILFILLAN, C. J. Appeal from an order setting aside a verdict for plaintiff. The motion to set aside was on the ground, and it was granted solely on the ground, that the court had no jurisdiction to try the cause at the time it was tried. The facts which, as the court below held, deprived that court of jurisdiction to try the cause were these: There had been a previous trial, resulting in a verdict for the plaintiff. The defendant moved for a new trial, and it was granted, and from the order granting it the plaintiff appealed to this court, and executed a stay bond. No return was made on the appeal. Afterwards he obtained an order for leave to amend his complaint, served his amended complaint on the defendant, who answered to it, and the plaintiff replied. He then served notice on the defendant that he would not proceed with the appeal, but have a new trial. He then noticed the cause for trial at the April term, 1891, and a trial was had, the defendant objecting to and opposing it on the ground that by the appeal and stay the district court had lost jurisdiction of the cause. The trial resulted in the verdict which, by the order now appealed from, was set aside. It has been decided that an appellant cannot withdraw his appeal without the leave of this court or the consent of the other party; so that, notwithstanding plaintiff's notice that he would not proceed with it, the first appeal was still pending. What, then, was the effect of that appeal and the stay on the jurisdiction of the district court? An appeal without a stay does not affect it, for in such case the court below may proceed as though there had been no appeal. There might be a case where it would be proper for the court to decline to go on pending the appeal,—*McArdle* v. *McArdle,* 12 Minn. 122, (Gil. 70,)—but that would not affect its power to do so,—its jurisdiction. Nor does the stay or failure to stay affect the jurisdiction of this court; so that this court may have jurisdiction of the matter involved in the appeal, while the jurisdiction of the court below in

the cause is unimpaired. A distinction exists between jurisdiction and the propriety or rightfulness of exercising it in the particular instance. Proceedings without jurisdiction are void. Those within the jurisdiction, but wrongful, are voidable only, are error or irregularity, and stand, unless set aside or reversed; and the party may waive or by laches lose his remedy. Acts done in disregard of a stay of proceedings come within the latter class. The district court may, in a proper case, stay temporarily all proceedings in a cause before it. The stay would not affect its jurisdiction, though proceeding in disregard of it, while in force, might be error or irregularity. The stay provided on an appeal and stay bond is similar in effect, except that the court below cannot remove it. The question whether an appeal with a stay operates as a *supersedeas* has several times been suggested. Laws 1861, ch. 22, provided expressly that it should so operate, and *Starbuck* v. *Dunklee*, 12 Minn. 161, (Gil. 97,) gave it that effect. In *Robertson* v. *Davidson*, 14 Minn. 554, (Gil. 422,) where the appeal was under the law, as it now is, it was held not to so operate. The question has seldom been raised in New York, from whose statute ours is taken. But in *Bowman* v. *Tallman*, 28 How. Pr. 482, an appeal with a stay had been taken from a judgment, and, pending the appeal, an execution was issued. The court held the execution irregular, but not void. The question of the jurisdiction of the district court in case of an appeal and stay was directly raised in *State* v. *Young*, 44 Minn. 76, (46 N. W. Rep. 204,) by an application for a writ of prohibition to enjoin the court from proceeding to enforce the order appealed from, and it was held that, though it might be error in the court to enforce the order, the appeal and stay did not go to its jurisdiction. We conclude that the stay does not take away the jurisdiction of the lower court. Because it has never been announced in any opinion, we take occasion to announce now that this court has always held that its jurisdiction over an appeal is not complete until a return filed, and that until then it can only dismiss the appeal, or compel a return. For this reason we have always declined to consider before return filed motions to affirm under the rules, and have held that

until then it is premature to file a note of issue or notice the appeal for hearing.

Order reversed.

(Opinion published 50 N. W. Rep. 1037 )