ANTON FRIESENHAHN *vs.* DANIEL D. MERRILL, JR.

52    55
63    266
52    55
77    524

Argued Dec. 9, 1892.    Decided Dec. 23, 1892.

**Complaint Held not to State a Cause of Action.**

*Held,* that the complaint, which was on a bond for a stay on an appeal from an order denying a new trial, did not state a cause of action. *Reitan* v. *Goebel,* 35 Minn. 384, followed.

**Order Holding a Bad Demurrer Frivolous will not be Reversed.**

If a demurrer is bad, but not frivolous, and the court erroneously strikes it out as frivolous, but grants the party leave to plead over, it is error without prejudice, and on appeal the order striking out the demurrer will not be reversed.

Appeal by defendant, Daniel D. Merrill, Jr., from an order of the District Court of Ramsey County, *Cornish,* J., made March 12, 1892, striking from the files, as frivolous, his demurrer to the complaint.

The plaintiff, Anton Friesenhahn, brought an action February 4, 1891, in the District Court of Ramsey county against William M. Bushnell and Alvin R. Bushnell to recover $435.65 which he had intrusted to them. They answered, and a trial was had on April 22, 1891, and a verdict rendered for the plaintiff. The Bushnells made a motion in that action for a new trial thereof, which motion was denied June 13, 1891. Thereupon they appealed from that order to this court, and to obtain a stay of proceedings in that action, they gave a *supersedeas* bond in the sum of $872, signed by the Bushnells, as principals, and by Daniel D. Merrill, Jr., and George H. Hurd, as sureties. This bond was conditioned to be void if the Bushnells should, in case the order was affirmed or the appeal dismissed, pay the costs of the appeal and all damages sustained by the plaintiff in consequence thereof, and abide and satisfy the judgment or order which this court might give therein. On December 7, 1891, that order was affirmed in this court. *Friesenhahn* v. *Bushnell,* 47 Minn. 443. A *remittitur* was sent down, and on December 26, 1891, judgment was entered in the trial court in favor of plaintiff and against the Bushnells for $489.75.

This action was brought by Friesenhahn against the obligors in this *supersedeas* bond to recover that sum. The allegation in the present complaint, of damages sustained by plaintiff was as follows: "That on October 28, 1891, the Bushnells were and still are insolvent, and both have since said time absconded and departed from the State of Minnesota, and where they are is unknown to this plaintiff. That no part of the aforesaid judgment has ever been paid. That at the time of the execution of the aforesaid bond and thereafter said Bushnells had sufficient property out of which to pay the said claim of plaintiff in full, and out of which if judgment had been then entered by plaintiff, the same could have been fully made on execution. The plaintiff has been damaged in the premises in the sum of $489.75, together with interest thereon at the rate of seven per cent. per annum from December 26th, 1891."

Daniel D. Merrill, Jr., one of the defendants, demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The plaintiff, on notice, moved to strike out this demurrer as frivolous. This was granted and Merrill was given twenty days in which to answer on payment of $10 costs. From this order he appeals.

*Leavitt K. Merrill,* for appellant.

The condition in the bond is for the payment of the costs of the appeal and the damages sustained in consequence thereof. No claim is made that the costs of the appeal have not been paid. The plaintiff seeks to compel this defendant to pay the judgment subsequently entered in the District Court in the former action against the Bushnells. This is his entire and only claim; but he does not show that the benefit of the judgment was lost by the appeal and stay. *Reitan* v. *Goebel,* 35 Minn. 384.

An insolvent is either one unable to pay his debts in the usual course of business, or one whose entire property is insufficient to pay all his debts. *Daniels* v. *Palmer,* 35 Minn. 347.

The essential fact to plaintiff's recovery is, that during the time while entry of judgment was stayed, there was a change in the Bush-

nells' affairs by which plaintiff lost the benefit of the judgment. This nowhere appears.

Having attempted to set up the specific facts showing damage, plaintiff is bound to make them complete and cannot aid this statement by concluding with a general allegation that taken alone would be sufficient. *Pinney* v. *Fridley*, 9 Minn. 34, (Gil. 23;) *Griggs* v. *City of St. Paul*, 9 Minn. 246, (Gil. 231.)

A frivolous demurrer is one, the insufficiency of which is so glaring, that the court can determine it upon a bare inspection without argument. *Morton* v. *Jackson*, 2 Minn. 219, (Gil. 180;) *Hurlburt* v. *Schulenburg*, 17 Minn. 22, (Gil. 5;) *Perry* v. *Reynolds*, 40 Minn. 499; *Hatch & Essendrup Co.* v. *Schusler*, 46. Minn. 207.

*Otto K. Sauer*, for respondent.

MITCHELL, J.   The condition of the bond in suit, which was for a stay upon an appeal to this court from an order denying a new trial, was in the statutory form, and the same as in *Reitan* v. *Goebel*, 35 Minn. 384, (29 N. W. Rep. 6.)   Hence, as decided in the case cited, the payment of the judgment that may be entered after the new trial is denied is not within the condition of the bond, unless the benefit of such judgment is lost in consequence of the appeal and stay.   In other words, it was incumbent on the plaintiff to allege facts showing that he had sustained damage by reason of being prevented during the stay from entering judgment, and proceeding to enforce its collection.   The stay bond on the appeal was given in June, 1891, the order appealed from was affirmed in December, 1891, and judgment entered in favor of the plaintiff on the verdict on the 26th of that month.

The only allegations of fact in the complaint that could by any possibility have the least tendency to show that plaintiff sustained any damage by reason of the stay pending the appeal are (1) that at the time of the execution of the bond, and thereafter, the Bushnells (the appellants in that action) had sufficient property out of which to pay said claim of plaintiff in full, and out of which, if judgment had been then entered, the same could have been fully made

on execution; and (2) that on and ever since October 28, 1891, said Bushnells, and each of them, were and still are insolvent. The vice in these allegations is that there is nothing to show that the Bushnells are not in as good financial condition, and have not as much property in the state subject to execution, to-day, as in June, 1891, or that plaintiff's judgment is not as collectible now as then. The Bushnells might have been insolvent in June, 1891, although they then had sufficient property out of which the judgment could have been collected on execution, and, although insolvent, they may still have sufficient property for that purpose; for, except as used in insolvent or bankrupt acts, (in which it has a still broader meaning,) the term "insolvent" simply means one whose entire property is insufficient to pay all his debts. Neither is there any allegation that the insolvency of the Bushnells occurred since June, 1891, the date of the stay.

The allegation that they have since absconded from the state is immaterial, at least in the absence of a further allegation that they took any of their property with them. The concluding allegation of the complaint, that the plaintiff has been damaged in the premises in the sum of, etc., goes merely to the amount of damages claimed as the result of the facts previously pleaded.

The court below struck out the demurrer to the complaint as frivolous, but granted the defendant leave to answer within twenty days. As our conclusion is that the demurrer was good, it necessarily follows that it was not frivolous, and the order appealed from must be reversed. But to avoid misapprehension upon a point never before made in this court, and upon which our decisions may be somewhat misleading, we wish to suggest that, had we concluded that the demurrer was bad, but not frivolous, we would not have reversed; for where, in such case, the party interposing the demurrer is not denied the privilege of pleading over, the action of the court in striking out the demurrer as frivolous would be error without prejudice. The party is precisely in as good condition as if the demurrer had been overruled as bad. The difference is only one of the form of the proceeding. To reverse and send the case back merely for the purpose

of reaching the same result on a hearing of the issue of law raised by the demurrer would be worse than useless. It would involve additional costs, and do no one any good.

Order reversed.

(Opinion published 53 N. W. Rep. 1024.)