St. Paul & Duluth Railroad Co. *vs.* Village of Hinckley.

Argued April 6, 1893. Decided April 27, 1893.

**An Appeal when a Supersedeas.**

An appeal from an order refusing a new trial, the stay bond prescribed by 1878 G. S. ch. 86, § 10, being filed, is effectual as a stay, and suspends the right to enter judgment in the court below.

**Contempt Excused.**

*Exley* v. *Berryhill*, 37 Minn. 182, commented upon, and considered as excusing from a charge of contempt one who had entered judgment notwithstanding the pendency of such an appeal.

Original order of this court to Robert C. Saunders, attorney, and Hans Hokanson, street commissioner, of the defendant Village of Hinckley, to show cause April 6, 1893, why they should not be punished for contempt in disobeying a temporary injunction of the District Court pending an appeal to this court.

The plaintiff, the St. Paul & Duluth Railroad Company, commenced an action in the District Court of Pine County to restrain the defendant, the Village of Hinckley, from opening and improving a street of the village across the tracks of its railroad, and obtained a temporary injunction. That action was tried, and on October 13, 1892, findings were filed and judgment ordered for the defendant, dissolving the temporary injunction. The plaintiff made a motion for a new trial, which was denied November 28, 1892. The Railroad Company on December 5, 1892, appealed from that order, and gave a supersedeas bond in the penal sum of $3,500, approved by the court, pursuant to 1878 G. S. ch. 86, § 10, and on December 17, 1892, the clerk made return to this court. Robert C. Saunders, attorney for the village, on January 18, 1893, entered judgment in the action pursuant to the findings and order of the trial court. The street commissioner, Hans Hokanson, then proceeded to open and improve the street. Thereupon this court, on the relation and motion of the Railroad Company, ordered that they show cause, if any they had, why they should not be punished for disobeying the injunction pending the appeal. The main question is reported *post*, p. 398.

*Lusk, Bunn & Hadley* and *J. D. Armstrong*, for the relator.

*Robert C. Saunders*, for respondents.

1878 G. S. ch. 86, § 10, provides that such appeal, when taken from an order, shall stay all proceedings thereon, and save all rights affected thereby, if the appellant executes a bond, etc. The entry of judgment in this case was not a proceeding based upon or dependent upon the order appealed from. *Exley* v. *Berryhill*, 37 Minn. 182; *Reitan* v. *Goebel*, 35 Minn. 384.

If there was any irregularity in entering the judgment, or if any contempt was committed thereby, it was contempt of the District Court, and not of this court, and the irregularity should have been corrected and the contempt punished upon application to the District Court. This proposition is amply sustained by *Eaton* v. *Cald-*

*well,* 3 Minn. 134, (Gil. 80;) *Yale* v. *Edgerton,* 11 Minn. 271, (Gil. 184;) *Oldenberg* v. *Devine,* 40 Minn. 409; *Lundberg* v. *Single Men's Endowment Ass'n,* 41 Minn. 508; *Scott* v. *Minneapolis, St. P. & S. S. M. Ry. Co.,* 42 Minn. 179; *State ex rel.* v. *District Court,* 52 Minn. 283; *Heinlen* v. *Cross,* 63 Cal. 44.

DICKINSON, J. This respondent Saunders was the attorney for the defendant, the village of Hinckley, in an action pending in the district court. The cause was tried, and the court made its findings of fact therein, and directed judgment to be entered in favor of the defendant, to the effect, among other things, that a temporary injunction which had been granted in favor of the plaintiff should be dissolved. The plaintiff made a motion for a new trial, which was refused, and an appeal from the order of refusal was taken to this court, and the stay bond provided in such cases by 1878 G. S. ch. 86, § 10, was filed. Thereafter this respondent caused judgment to be entered in accordance with the previous direction of the District Court, dissolving the temporary injunction. Then the street commissioner of the village proceeded to do what had been prohibited by the injunction,—the opening or doing of work upon premises which appear to be claimed to have been a public street. The respondent Saunders, as well as the street commissioner, were then required to show cause before this court why they should not be punished for contempt. As to the latter the proceeding was not pressed. The judgment, though erroneous, was not void, as must be held under our decisions in *State* v. *Young,* 44 Minn. 76, (46 N. W. Rep. 204,) and *Briggs* v. *Shea,* 48 Minn. 218, (50 N. W. Rep. 1037.) Hence the judgment was probably effectual as a justification of the conduct of the street commissioner.

The respondent Saunders contends that the appeal and the statutory stay bond did not operate to prevent the entry of judgment in accordance with the previous direction of the court. We hold to the contrary, in accordance with what we understand to have been the view which the courts and the profession generally have always taken of the law as it now stands; that is, that an appeal from an order granting or refusing a new trial, and the filing of the bond prescribed by 1878 G. S. ch. 86, § 10, effectually suspends the right to proceed to the entry of judgment, although, as has been considered

in the cases cited above, such stay or suspension affects the *regularity* of the proceedings rather than the *jurisdiction* of the court. The decision in *Briggs* v. *Shea, supra,* rests upon the assumption, as a matter of course, that such an appeal and stay bond suspend the right to enter judgment. This is also recognized in the opinion in *Reitan* v. *Goebel,* 35 Minn. 384, 385, (29 N. W. Rep. 6.) But, while we suppose that this has been generally understood to be the effect of the statute, what is stated in the opinion in *Exley* v. *Berryhill,* 37 Minn. 182, (33 N. W. Rep. 567,) as the reason for that decision, certainly affords some justification to this respondent for his conclusion that the appeal, with a stay bond, from an order refusing a new trial, did not suspend his right to enter the judgment; and for this reason it is considered that the respondent should not be adjudged guilty of a contempt in having so done. Whether the case of *Exley* v. *Berryhill, supra,* as to the effect of the appeal as a stay of proceedings, was rightly decided, and whether the particulars in which that case differed from this would justify different conclusions in the two cases, we do not now decide.

Our conclusion upon this point is such that it is unnecessary to consider some other questions presented at the hearing, and the order upon which the respondent was called before us is discharged.

VANDERBURGH, J., did not take part.

(Opinion published 54 N. W. Rep. 940.)