CHARLES A. ESTES v. DIMON A. ROBERTS and Another.[1]

December 19, 1895.

Nos. 9669—(178).

**Appeal—Supersedeas Bond—Insolvency of Judgment Debtor.**

When it appears, from the pleadings in an action brought upon an undertaking given under the provisions of G. S. 1894, § 7989, that the debtor in the original action had property out of which the claim could have been collected at the time of the giving of the undertaking, but thereafter sold and disposed of it, so that, when judgment in the original action was finally entered, the debtor had no property, it is no defense, partial or otherwise, to set up in the answer that, when the undertaking was executed and filed, the debtor was actually insolvent; was able to pay but a stated per cent. on each dollar of his indebtedness; that, if a judgment had been entered at the time, such insolvent would have made an assignment under the laws of the state; and that, if he had not, his creditors would have secured the appointment of a receiver, and, as a result, the creditor would not have received a greater per cent. than that stated.

Appeal by defendants from an order of the district court for Ramsey county, Brill, J., sustaining a demurrer to the answer. Affirmed.

*William G. White*, for appellants.

*E. R. Holcombe* and *G. R. O'Reilly*, for respondent.

COLLINS, J. This was an action upon an undertaking executed to plaintiff by defendants under the provisions of G. S. 1894, § 7989, in order to obtain a stay of the entry of judgment pending an appeal to this court from an order denying a motion for a new trial

---

[1] Reported in 65 N. W. 445.

in an action in the district court for Ramsey county between this plaintiff and the Lovering Shoe Company, a corporation, in which action the verdict of the jury was in favor of this plaintiff. The undertaking was conditioned as, and by law had the effect of, the supersedeas bond prescribed by G. S. 1894, § 6142.

It seems to be admitted that the complaint stated a good cause of action for damages for the full amount of the judgment finally entered in the cause appealed, within the rules laid down by the court in Reitan v. Goebel, 35 Minn. 384, 29 N. W. 6, and Friesenhahn v. Merrill, 52 Minn. 55, 53 N. W. 1024. As it will be referred to hereinafter, we state that among other allegations was one that said corporation had its principal place of business in said Ramsey county, and that its officers all resided there; and another that the verdict of the jury was rendered March 7, 1894, while the appeal was taken and the undertaking filed on May 24 following; and another that on October 1, 1894, after the undertaking was filed and the appeal taken, the shoe company had sold and conveyed all of its property and assets of every kind and nature to certain named persons, and thereafter had no property or assets of any description.

The answer admitted the formal allegations of the complaint as to the trial and verdict, the motion for a new trial, the order denying the motion, the taking of the appeal, the execution, approval, and filing of the undertaking, the result of the appeal in this court, the entry of judgment in the district court, the issuance of an execution thereon, and that said execution had been duly returned unsatisfied by the sheriff of said Ramsey county, in which county said company had its principal place of business, and wherein all of its officers resided, and also admitted that a sale had been made of all of its property and assets October 1, 1894, as alleged in the complaint. Then, by way of defense, the answer averred that on the day said undertaking was executed and filed the Lovering Shoe Company was insolvent, and unable to pay its debts as they matured in the regular course of business; that its indebtedness then exceeded $50,000; that its assets did not exceed in value the sum of $10,000; that it was then and thereafter negotiating with its creditors for a settlement upon a basis of 20 cents on the dollar; and that substantially all of its creditors accepted these terms, and discharged their claims upon being paid 20 cents on the dollar. It was

further alleged in the answer that, if a judgment had been entered against it on the verdict on the day the undertaking was filed, it would at once have made an assignment for the benefit of all its creditors under the laws of this state, or, in the event it had not made such an assignment on the entry of judgment, its creditors would have procured the appointment of a receiver under said laws. It was also alleged that the Lovering Shoe Company had no property or estate upon which the judgment, if it had been entered, would have been a lien. The ultimate allegation of this answer was that, in the event of such an assignment, or the appointment of a receiver, the plaintiff would not have received more than 20 per cent. of his claim. In this amount defendants expressed a willingness to have judgment entered against them. A general demurrer to this answer was interposed and sustained. From the order sustaining the demurrer defendants appeal.

The cases of Reitan v. Goebel, supra, and Friesenhahn v. Merrill, supra, are familiar to the profession, and it is obvious that both complaint and answer herein were drawn with reference thereto. Applying the rules laid down in the case last cited to the answer now before us, we have only to determine whether it contains allegations which, taken as true for the purpose of passing on the demurrer, show that plaintiff has sustained damage in an amount exceeding 20 per cent. of the original judgment, the entry of which, on May 24, 1894, was stayed by the undertaking. We think that but one answer can be given to this inquiry, and that the case presented is easily distinguishable from that of Friesenhahn v. Merrill. There the allegations were that the debtors had property out of which the judgment, if it had been entered, could have been made on execution, and that on a subsequent day they became and still remained insolvent. The defect in the allegations was that there was nothing to show that the debtors were not in as good financial condition and with as much property subject to execution at the time the action was brought on the stay bond as on the day it was executed and filed, or that the judgment in question was not as collectible. Here it is alleged in the complaint, and admitted by the answer, that when the undertaking was filed the debtor had assets and property of the value of more than $10,000; that afterwards, and prior to the entry of plaintiff's judgment, this property and these assets had

been wholly sold and disposed of; and that nothing remained out of which an execution could have been satisfied. In the one case, in so far as appeared from the pleading, no change had been made which could have affected the judgment creditor, or which rendered his judgment less collectible, while in the other a very radical change in the situation, a sale and transfer of all of the debtor's property, much more than would have been required to satisfy the claim, subsequent to the execution of the undertaking, stood admitted.

It is strenuously urged by counsel that, as it was alleged in the answer that the shoe company was insolvent when the undertaking was executed, and was then able to pay and actually did pay but 20 cents on the dollar to other creditors, this plaintiff was only damaged to that extent, and, under the rule laid down in Reitan v. Goebel, supra, should not be allowed to recover more than 20 per cent. on his claim. It is possible that, if these defendants had not executed the undertaking, the various steps might have been taken by the insolvent or its creditors which would have resulted in plaintiff's losing 80 per cent. of his claim, but this would not only have depended upon the happening of one or more of the events stated in the answer, but also upon the movements of plaintiff's attorneys. They would have been quite as apt to be prompt in obtaining an execution upon their judgment, and in causing a levy to be made upon property, as would have been the insolvent to make an assignment, or, in case it did not do so, as the creditors in securing the appointment of a receiver. Surely, the creditor should be given an opportunity to collect his judgment out of the estate of an insolvent, or, if this opportunity is taken away from him by a stay bond or undertaking, the makers should not be allowed to set up the defense herein relied upon when called upon to respond in damages. Although it would, in all probability, make no difference in our views on this question, it is to be noticed that, from the dates found in the pleadings, it appears that the complaint in the original action was on file in the district court for Ramsey county for more than 20 days prior to that on which defendants gave the undertaking. Had an execution been levied on the property of the insolvent before an assignment thereof under the statute, such execution could have been fully satisfied in spite of the assignment. G. S. 1894, § 4240.

Order affirmed.