MARY J. MATHEWS and Another v. MISSOURI, KANSAS & TEXAS
TRUST COMPANY.[1]

September 8, 1897.

Nos. 10,224—(70).

Usury—Cancellation of Securities—Offer to Pay Debt—Scott v. Austin,
36 Minn. 460, Followed.

> *Held*, following Scott v. Austin, 36 Minn. 460, that, by virtue of the stat-
> ute, a plaintiff asking for the cancellation of securities for usury need not,
> as a condition of obtaining such relief, pay what he has received.

Same—Evidence.

> Evidence *held* to sustain the finding and decision of the trial court to
> the effect that the securities here in question were usurious.

Appeal by defendant from a judgment of the district court for
St. Louis county entered pursuant to findings by Ensign, J.    Af-
firmed.

*William C. White*, for appellant.

*J. B. Richards*, for respondents.

PER CURIAM.

Action to obtain a cancellation, for usury, of certain notes and
the mortgage securing them, made by the plaintiffs to the defend-
ant.    The trial court found that the notes and mortgage were usur-
ious, and directed their cancellation.    Judgment was so entered,
from which the defendant appealed.

1. The defendant claims that the judgment is erroneous, because
the plaintiffs should have been required to do equity, and repay,
with interest, the amount of money actually received by them from
the defendant, as a condition of obtaining a cancellation of the
securities.    The statute law of our state[2] is otherwise, as inter-
preted in Scott v. Austin, 36 Minn. 460, 32 N. W. 89, 864, and fol-
lowed in Exley v. Berryhill, 37 Minn. 182, 33 N. W. 567.    We are
asked by defendant's counsel to re-examine and overrule those
cases.    The statute was correctly construed in the cases cited, and
we adhere to them.

[1] Reported in 72 N. W. 121.        [2] G. S. 1894, § 2217.

2. It is further urged by the defendant that the finding and decision of the trial court to the effect that the notes and mortgage were usurious and void are not supported by the evidence. The contract here in question, as evidenced by the notes and mortgage, is identical, except as to names, dates, and amounts, with the contract held to be usurious in the case of Missouri v. McLachlan, 59 Minn. 468, 61 N. W. 560, to which reference is here made for a statement of the general terms of the contract here in question. A like contract was also held usurious in the case of Missouri v. Krumseig, 23 C. C. A. 1, 77 Fed. 32. We are unable to distinguish this case from the McLachlan case. The finding and decision of the trial court are sustained by the evidence.

Judgment affirmed.