WILLIAM S. VENT and Another v. DULUTH TRUST COMPANY.

October 30, 1899.

Nos. 11,768—(104).

**Appeal Bond—Insolvency of Principal at Time of Execution.**

In an action on an appeal bond given on an appeal from an order denying a new trial, and executed under G. S. 1894, § 6142, *held*: Conceding, without deciding, that it should be presumed that the appellant debtor was insolvent at the time of executing the bond, still the supposition that if a judgment had then been entered, and execution issued thereon and levied on the property of such debtor, it would have made an assignment in insolvency for the benefit of its creditors, and thereby have defeated the levy, is too speculative, and of no avail as a defense to an action on the bond, or in mitigation of the damages to be recovered thereon.

Action in the district court for St. Louis county to recover $4,293.08 on an appeal bond. The case was tried before Cant, J., and a jury, which rendered a verdict in favor of plaintiffs for $3,899.99; and from an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Towne & Merchant,* for appellant.
*Mahon & Agatin,* for respondents.

CANTY, J.

This is an action on an appeal bond.

These plaintiffs brought a former action against the Duluth Coffee & Spice Company, and in October, 1895, recovered a verdict therein for the sum of $5,089.50. A motion for judgment notwithstanding the verdict, and for a new trial, was made and denied. The spice company appealed to this court from the order denying the same, and executed said appeal bond, with the defendant, the Duluth Trust Company, as surety. The bond is a supersedeas bond, under G. S. 1894, § 6142, and is conditioned that the obligors shall pay all costs and charges which may be awarded against the spice company on the appeal and the damages sustained by this plaintiff in consequence thereof, if the order appealed from is affirmed or the appeal dismissed, and shall abide and satisfy the judgment or order which the appellate court may give therein. This bond was executed, approved, and filed October 16, 1895. This court affirmed the order appealed from, and remanded the case. Vent v. Duluth C. & S. Co., 64 Minn. 307, 67 N. W. 70. On May 18, 1896, judgment was entered in the district court, and execution issued and levied on the property of the spice company. On May 21, 1896, the spice company made an assignment under the insolvency law of this state, which assignment vacated the levy of the execution. The insolvent estate was administered, and on October 20, 1898, the plaintiffs were paid their dividend, amounting to $2,-269.65. This action is brought to recover on the bond the balance of plaintiffs' judgment. The jury found for plaintiffs, and the trust company appeals.

The payment of the judgment that may be entered after the motion for a new trial is denied is not the condition of this bond. The plaintiffs must allege and prove facts showing that, on account of being prevented by the stay from entering and proceeding to collect their judgment, they have been damaged, and the amount of that damage. Friesenhahn v. Merrill, 52 Minn. 55, 53 N. W. 1024; Reitan v. Goebel, 35 Minn. 384, 29 N. W. 6. Appellant contends that under this rule the evidence will not sustain the verdict found

for plaintiffs. There is evidence tending to prove that on October 16, 1895, when the bond was executed, and between that time and November 1, 1895, the spice company had property and assets subject to execution amounting in value to between $9,000 and $12,000, and that the value of all the assets of the company at the time of the levy of the execution and at the time of the assignment was but $3,000. It is admitted that at the latter times the spice company was insolvent, but it does not appear what indebtedness, if any, besides that due these plaintiffs, was owing by the spice company at the time of the execution of the bond.

Appellant contends that the burden was on the plaintiffs to show that the spice company was not insolvent at the time of the making of the bond, and insists that the court should have submitted to the jury the question of such insolvency, and also the question whether the spice company would not have made an assignment for the benefit of its creditors on the entry of judgment and levy of execution, if such judgment had been entered and execution issued at the time the bond was executed. We cannot so hold. Whether or not in that event an assignment would have been made at that time is altogether too speculative and uncertain to be material in this case. It was so held in Estes v. Roberts, 63 Minn. 265, 65 N. W. 445. We must take the facts as they did happen, and not speculate as to what might have happened. Such an assignment is a sort of statutory levy of execution for the benefit of all of the creditors. This levy was made within 10 days after plaintiffs levied their execution, so that the levy thereof was released by the assignment, and the effect is the same as if the levy effected by the assignment had been made an hour or a day before the levy by plaintiffs. If the latter were the case, we are clearly of the opinion that plaintiffs would be entitled to recover; but the principle involved is the same, even though the assignment was made within the 10 days after plaintiffs' levy, instead of an hour or a day before it.

We are of the opinion that the trial court was warranted in ruling in favor of the competency of the witnesses who testified as to the amount and value of the property and assets of the spice company at the different times referred to in the evidence. Various

other rulings of the court, of minor importance, are assigned as error, but we find no error in the record.

Order affirmed.