DOYLE *v.* AMERICAN LOAN CO.

Opinion delivered February 29, 1932.

*Howard H. Hasting,* for appellant.

*J. Roy Howard* and *Fred M. Pickens,* for appellee.

HART, C. J., (after stating the facts). Under our Constitution and laws, all contracts for a greater rate of interest than ten per cent. per annum shall be void as to principal and interest, and the General Assembly shall prohibit the same by law. Constitution of 1874, article 19, § 13; Crawford & Moses' Digest, § 7362.

Counsel for the plaintiff seek to uphold the judgment under the well settled principle that where the promise to pay a sum above legal interest depends upon a contingency, or where for any cause the principal sum loaned is put in hazard, the loan is not usurious. *Reeve* v. *Ladies' Building Association,* 56 Ark. 316, 19 S. W. 917; 18 L. R. A. 129; and 39 Cyc. 944.

It is equally well settled, however, that a merely colorable contingency or hazard will not prevent excessive interest charges from being usurious. The record shows usury in the present case unless the generally recognized rule above announced should be followed. We are of the opinion, however, that the obligation sued on and the stipulation in the record that the plaintiff is not an insurance company and has not qualified to act as such under the laws of the State of Arkansas renders the contract a mere shift or device to escape our usury laws.

The Supreme Court of Minnesota has held a contract, similar in all essential respects, to be a loan of money with an agreement for perpetual forbearance in case of death, and said that the contingency set up in the contract was a mere contrivance to cover usury. Mr. Justice MITCHELL, who delivered the opinion of the court, said:

"The peculiar and unusual provisions of this contract themselves constitute intrinsic evidence sufficient to justify the finding of the existence of every element of usury, *viz.,* that there was a loan, that the money was to be

returned at all events, and that more than lawful interest was stipulated to be paid for the use of it. The only one of these which could be seriously claimed to be lacking was that the money was not to be paid at all events, but only upon a contingency, to-wit, the continuance of the life of McLachlan; but the facts warrant the inference that this contingency was not *bona fide,* but was itself a mere contrivance to cover usury. The mere fact that the contract has the form of a contingency will not exempt it from the scrutiny of the court, which is bound to exercise its judgment in determining whether the contingency be a real one, or a mere shift and device to cover usury.'' *Missouri, Kansas & Texas Trust Company* v. *McLachlan,* 59 Minn. 468, 61 N. W. 351.

A similar view was expressed in *Matthews* v. *Missouri, Kansas & Texas Trust Company,* 69 Minn. 318, 72 N. W. 121. Subsequently, the Supreme Court of the United States upon appeal from the Federal courts in the State of Minnesota, sustained this principle and said (172 U. S. 351, 19 S. Ct. 179):

''The precise character of the contract between the present parties is not clear. It has some of the features of a loan of money; in other respects, it resembles a contract of life insurance. But our examination of its various provisions and their legal import has led us to accept the conclusion of the courts below, that the scheme embodied in the application, note and mortgage was merely a colorable device to cover usury.''

Continuing, the Supreme Court of the United States expressed approval of the quotation made from the Supreme Court of Minnesota.

We are of the opinion that the principles announced in these cases are sound and should control here. Therefore, we think the transaction was merely a colorable device to cover usury and should not be upheld. It follows that the judgment must be reversed, and the plaintiff's cause of action will be dismissed here.