## FIRST STATE BANK OF CHEYENNE v. FLETCHER.

No. 25282. Sept. 25, 1935.

Rehearing Denied Oct. 29, 1935.

Alvin Moore, for plaintiff in error.

Tracy & Hendrix, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the court below.

Plaintiff instituted an action against the defendant, the First State Bank of Cheyenne, Okla. His petition alleges that he had several transactions with the bank, and that on each of said transactions he was charged usury; that the several notes plaintiff had previously executed were all finally merged in one note, and that usury was charged on said note, and that said note was secured by chattel mortgage on certain property of the plaintiff; that plaintiff had actually received in cash on these various transactions the sum of $590, and that he had paid back on the sum so received the sum of $513.18;

that plaintiff was charged interest including usurious interest in the sum of $587 on the said various transactions; that all of the interest charged on all the transactions was carried forward and merged in the final note which p aintiff seeks to have satisfied in this action. The petition asks that the plaintiff be given a judgment, that the indebtedness due the defendant on said note be discharged and the lien of said mortgage released, and that plaintiff have such other and further judgment of law and equity that he may be entitled to receive.

The petition further alleges that the defendant will not institute an action against the plaintiff on the said note, and that by reason of the lien of chattel mortgage the plaintiff is unable to sell or mortgage his property or to remove it from the county in which it is now situate, or to use it for uses of his own; and that in the various transactions the defendant knowingly and corruptly took advantage of the plaintiff's necessity and charged the plaintiff a greater rate of interest than 10 per cent. per annum. To the petition filed by the plaintiff the defendant filed a demurrer, which set forth several grounds, among which were misjoinder of causes of action, and that the petition did not state facts sufficient to constitute a cause of action against the defendant and in favor of the plaintiff. The said demurrer was overruled, and the defendant appeals from the said ruling of the district court.

The relief asked by plaintiff is equivalent to the liquidation of a usurious contract.

Section 9520, Okla. Stats. 1931, provides as follows:

9520. "Liquidation of Usurious Contract —Tender—Procedure.

"Any contract for the loan of money, where the rate of interest taken, received, reserved or charged is greater than the rate as declared in section 1004 of the Revised Laws of Oklahoma 1910 (9518) may be liquidated in the following manner: On the date such contract falls due, or at any time before suit for the collection thereof is instituted, the payor, his agent, attorney, or legal representative **may tender to the holder thereof the exact amount of money received from the lender, less the amount of the entire interest charged, received, reserved or collected thereon,** said tender to be in writing, and to such party only as service may be had as in case of actions at law, and the payee of said contract is hereby given 24 hours thereafter to answer such tender, and such answer shall be in writing, and the acceptance or final rejection thereof

shall constitute and be a full and complete satisfaction of such indebtedness. * * *"

The plaintiff in his petition alleges that he was charged interest in the sum of $587 on the various transactions he had with the defendant, and that all of said - interest was carried into the last note executed by the plaintiff and that usury was charged on all of the transactions; that the total sum received by the plaintiff from the defendant in cash was $590, and that the plaintiff has paid back to the defendant the sum of $513.-18. The question presented to the court is whether the plaintiff can obtain affirmative relief without having first paid or tendered to the defendant the sum plaintiff actually received plus legal interest. Our court has never been called upon to decide this question, and we have been unable to find where any court of another state, under a statute similar to ours, has decided this question.

The rule as announced in 66 Corpus Juris, page 269, is as follows:

"Doing Equity as Condition of Relief—In General. When the borrower appears in any capacity in a court of equity asking affirmative relief against a usurious contract to pay money, such relief, **in the absence of statute providing otherwise,** will be granted him only on condition that he do equity, that is, pay or tender the amount actually due, the cases proceeding upon the principle that the borrower will not be relieved against a usurious contract unless he himself does that which the moral obligation arising from the receipt and appropriation to his own use of the money of another requires him to do."

On page 272 of the same volume of Corpus Juris, the following rule is announced:

"Statutory Abrogation or Modification of Rule. In a number of states the equitable rule requiring the borrower to offer payment of principal and legal interest as a condition of obtaining relief in equity against a usurious contract has been abrogated either wholly or in part. Thus, in some states, payment, or tender of the principal without any interest, will suffice. So, by virtue of special statutory provisions in other jurisdictions, it is not necessary for the borrower to tender or pay either principal or interest. * * * "

In the absence of a statute the borrower, before asking affirmative relief in the court of equity, would be required to either pay or tender the amount of money received plus legal interest as a condition precedent to his obtaining the relief sought. However, under section 9520, supra, it is not necessary that the borrower tender the amount of money received plus legal interest, but, on the other hand, he is entitled to have his debt satisfied when he has paid or tendered to the lender the exact amount of money received, less the amount of the entire interest charged, received, reserved, or collected. In the case at bar, the borrower received the sum of $590 and was charged interest in the sum of $587. Had the borrower tendered the sum of $3, the debt would have been satisfied. The borrower did not tender the sum of $3, but instead paid the lender the sum of $513.18. Under such circumstances, can the borrower institute an action of this kind and obtain the relief sought? We think he can. It is our view of the liquidation statute that the necessity of a tender has been obviated in this case by the borrower having paid to the lender the sum of $513.-18, a sum greatly in excess of the sum the borrower would have had to tender were no payments made. Equity will not compel a party to do a foolish or unnecessary thing. There is no reason for a tender in this case, for what could the borrower tender that has not already been paid, and what is the lender entitled to receive that he has not already received? If such were not true, the tender of $3 would have been sufficient to permit the borrower to obtain a satisfaction of his indebtedness to the lender, but the borrower by having paid to the lender the sum of $513.18 would have placed himself in a position that he could not obtain said relief.

The liquidation statute is a statute penalizing the lender for charging usury, and it gives to the borrower certain rights which he may obtain by compliance with the conditions set forth therein. If we should hold that the payment by the borrower to the lender of a sum far in excess of the amount of any sum borrower would have had to tender under this statute, we would be penalizing the borrower and not the lender, and such is not the purpose of statutes of this kind and character. From an examination of numerous authorities, we have found no statute similar to our liquidation statute, and hence we are forced to cite cases and by analogy compare the case at bar with the cases we cite.

The Supreme Court of the state of Minnesota, in the case of Trauernicht et al. v. Kingston et al., 156 Minn. 442, 195 N. W. 278, says in the third syllabus paragraph:

3. "Usury — Usurious Transaction May Be Cancelled Without Restoration of Money Received. The plaintiffs may have affirm-

ative relief under our statute, which makes a usurious transaction void, and provides for a cancellation, without restoring as a condition to relief the money received."

In the body of the opinion, page 279 of N. W. Reports, the court says:

"The plaintiffs are in a court of equity asking the cancellation of their notes and the surrender of their securities for usury. They do not offer a return of what they have received. The general rule over the country is that a borrower on usury when he comes to a court of equity asking affirmative relief by way of the cancellation of an obligation or surrender of securities must restore the money actually received. This was the rule applied in Patterson v. Wyman, 142 Minn. 70, 170 N. W. 928. That case involved a North Dakota contract and the North Dakota law, not that of Minnesota, was applied, as the case distinctly states. Our own rule, often announced, is that restoration need not be made. Scott v. Austin, 36 Minn. 460, 32 N. W. 864; Exley v. Berryhill, 37 Minn. 182, 33 N. W. 567; Mathews v. Missouri, etc., Co., 69 Minn. 318, 72 N. W. 121. It results from our statute that a usurious loan is void and that it may be so declared and evidence of it and securities pledged for its payment canceled. G. S. 1913, sections 5807 and 5809. In Missouri, etc., Co. v. Krumseig, 172 U. S. 351, 19 Sup. Ct. 179, 43 L. Ed. 474, where the claim was that there must be restoration of the money received before relief would be given, the court, referring to the Minnesota statute, and the state adjudications upon it, said: 'We think it is a satisfactory reply to such a proposition that the complainants in the present case were not seeking equity, but to avail themselves of a substantive right under the statutory law of the state'."

In the case cited above, the statute involved declared usurious transactions void, but the plaintiff was not required to make a tender or payment of the money received before obtaining affirmative relief against said contract. Our liquidation statute, while not making the usurious contract void, nevertheless imposes certain penalties and only requires the borrower to tender the actual amount of money received less the entire amount of interest received, charged, reserved or collected. The borrower having already paid an amount far in excess of any sum he would have had to tender had no payments been made on said contract, there was nothing to tender and the borrower certainly is entitled to cancellation of the indebtedness and a release of the chattel mortgage securing the same.

It is true that there are numerous decisions from various states holding the borrower, in a suit of this kind, must tender back to the lender the principal sum borrowed with legal interest thereon, but a very close examination of these cases will show that the statutes involved are not similar to our liquidation statute, and that those courts were not called upon to decide a question similar to the case at bar. Here the borrower is asking affirmative relief in a court of equity to enforce a substantive right given to him under the statutory law of this state, and the borrower has complied with all the conditions precedent to his obtaining the said relief.

The plaintiff's petition contains some allegations that a motion to strike would have reached and plaintiff cannot have double the amount of usury charged, credited against the balance due to defendant on the note, but the petition alleges sufficient facts that if the plaintiff on trial can prove the same as alleged, he can obtain the relief he seeks.

The other ground contained in defendant's demurrer, that of misjoinder of causes of action, we believe to be without merit in view of the nature of the transactions about which plaintiff complains, and in view of the manner in which the plaintiff has set these matters forth in his petition.

For the reasons above stated, the judgment of the district court in overruling the demurrer to the plaintiff's petition is affirmed, and the case remanded to the district court, with directions to the trial court to permit the defendant to file an answer to the plaintiff's petition.

The Supreme Court acknowledges the aid of Attorneys W. C. Henneberry and John A. Haver in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Henneberry and approved by Mr. Haver, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.