The Attorney General is in receipt of your letter wherein you request, in effect, an opinion on the following: Under 59 O.S. 1353 [59-1353](e) of Title 59 O.S. 1971 clarify the meaning of the word "day" as used in reference to exempting non-resident practitioners from licensing for specific purposes. Section 59 O.S. 1353 [59-1353](e) of Title 59 O.S. 1971 provides in pertinent part: "After the first day of January, 1966, no person may represent himself to be a psychologist or engage in the practice of psychology unless he is licensed under this act except as hereafter provided: ". . . (e) The activities and services of a person who is not a resident of this state and who has not established offices in this state in rendering consulting or other psychological services when these activities and services are rendered for a period which does not exceed in the aggregate more than sixty days during any year if the person is authorized under the laws of the state or country of his residence to perform these activities and services; . . ." Under 59 O.S. 1353 [59-1353](e), then non-resident practitioners whose practice within the state does not exceed a total of sixty (60) days are exempted from the licensing requirement. The issue is the meaning of the word "day" specifically whether fractions of a day is considered a day. Since 59 O.S. 1353 [59-1353](e) contains no definition of the word "day" we look to the general rules of statutory construction. One such rule is codified in 25 O.S. 23 [25-23] (1971), which provides: "The word 'year' means a calendar year, and 'month,' a calendar month. Fractions of a year are to be computed by the number of months, thus: half a year is six months. Fractions of a day are to be disregarded in computations which include more than one day, and involve no question of priority." Emphasis added Case law, too, indicates in the absence of a definition, "day" means calendar day since no contrary intent plainly appears within the provision. See McAlester v. Oklahoma Tax Commission, 174 Okl. 350, 50 P.2d 647 (1935). This statutory and judicial authority leads to the conclusion that in using the word "day" in 59 O.S. 1353 [59-1353](e) the Legislature intended that the common and ordinary meaning of the word be applied since no contrary intent is present. Had the Legislature intended to convey another meaning such intent would be reflected within Section 59 O.S. 1353 [59-1353](e) of Title 59 O.S. 1976 [59-1976]. It is, therefore, the opinion of the Attorney General that the word "day" as used in 59 O.S. 1353 [59-1353](e) (1971) means calendar days calculated without fractionalizing. (Ronald Lee Johnson)